IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re: <br><br> ACACIA OPERATING COMPANY, LLC <br><br> Debtor. | Chapter 7 <br><br> 24-70194 (SMR) |

**MOTION FOR ENTRY OF ORDER (I) APPROVING STIPULATION AND
(II) GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, 903 San Jacinto Blvd, Ste. 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee"), the duly appointed and acting Trustee of the estate of the above-captioned debtor, Acacia Operating Company, LLC (the "Debtor"), and hereby files this *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion"), and in support states as follows:

**RELIEF REQUESTED**

The Trustee seeks entry of an order substantially in the form attached to this Motion (the "Order") (i) approving the stipulation (the "Stipulation") between the Trustee and XTO Holdings, LLC (the "Non-Debtor Party") set forth below, and, *inter alia*, granting the Non-Debtor Party relief from the automatic stay for the purpose of entering upon the oil and gas leases set forth on

1

"Schedule 1" to the Order (as may be supplemented upon agreement between the Trustee and the Non-Debtor Party), and performing any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Order of Reference of Bankruptcy Cases and Proceedings* from the United States District Court for the Western District of Texas dated October 4, 2013.

2. The matter before the Court is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

3. Venue is proper by virtue of 28 U.S.C. §§ 1408 and 1409.

4. The bases for relief are Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

## BACKGROUND

*A. The Bankruptcy Cases*

5. On December 27, 2024 ("Petition Date"), the Debtor commenced the above-captioned bankruptcy case (this "Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. Also on December 27, 2024, Acacia Resources, LLC commenced Case No. 24-70195 (SMR) by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

7. The Trustee is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate in this Bankruptcy Case and of the bankruptcy estate in the companion case filed by Acacia Resources, LLC.

### B. The Debtor's Operations

8. Prior to the Petition Date, the Debtor was a private oil and gas operating company engaged in the acquisition, ownership, development, and/or production of oil and natural gas, and operation of oil and gas interests.

9. The Debtor purchased its oil and gas interests out of the bankruptcy case filed by Remnant Oil Company, LLC ("Remnant Oil") in this Court's Midland Division, Case No. 19-70106, pursuant to the *Amended Order Granting Motion of Ronald Ingalls, Chapter 7 Trustee to Sell Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (Oil and Gas Interests)* entered June 30, 2020 [Docket No. 452] (the "Remnant Sale Order"). Remnant Oil acquired its interests from certain non-debtor parties, as discussed below.

10. The Debtor's operations were (and remain) subject to demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests, including the New Mexico State Land Office (the "SLO"), the Bureau of Land Management ("BLM"), and the New Mexico Oil Conservation Division (the "OCD").

### C. The Non-Debtor Parties

11. Certain non-debtor parties, including the Non-Debtor Party, are lessees of record with the SLO and/or BLM on various leases containing wells owned and operated by the Debtor pre-petition, and where the Debtor is recognized by OCD as the "operator of record".

12. In some instances, the records with SLO, BLM, and/or OCD do not recognize the Debtor as the lessee or the owner and/or operator of record, even though it actively owned and operated the oil and gas interests it purchased from Remnant Oil pursuant to the Remnant Sale Order.

3

### D. *Regulatory Matters*

13. The Debtor failed to perform myriad of its regulatory obligations imposed by SLO, BLM, and/or OCD prior to the Petition Date, and such obligations remain unperformed.

14. As a result, the regulatory agencies are looking to the Non-Debtor Party to perform certain work associated with the Debtor's ownership and operation of its oil and gas interests including, for example, plugging and abandonment of wells, remediation of spills, leaks, and discharges, removal of roads and power lines, removal of abandoned equipment, and other regulatory compliance activities.

## THE STIPULATION

15. The Trustee seeks approval of the Stipulation and entry of the Order granting the Non-Debtor Party relief from the automatic stay for the purposes set forth below and in the Order. In addition to other terms and conditions set forth in the form of Order, the Trustee and the Non-Debtor Party stipulate and agree as follows:

(a) The automatic stay pursuant to Section 362 of the Bankruptcy Code, to the extent it is applicable, shall be lifted so that the Non-Debtor Party may perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over Debtor's ownership and operation of oil and gas interests.

(b) The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Party shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, and filings as may be necessary or appropriate to implement the Order.

(c) Nothing shall (i) be deemed an admission by the Non-Debtor Party as to the existence or enforceability of any demand, order, obligation, or (ii) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

(d) The Non-Debtor Party is, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries,

losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to the Order.

(e) Neither the Non-Debtor Party nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of the Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Party is not assuming any liability or obligation of the Debtor or the bankruptcy estate.

(f) The Non-Debtor Party's right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein is not waived or released, and all of the Non-Debtor Party's rights and claims against the Debtor and the estate in this bankruptcy case are preserved.

**BASIS FOR RELIEF**

16. Section 362(d) of the Bankruptcy Code provides that the Court shall grant relief from the stay –

  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

  (2) with respect to a stay of an act against property under subsection (a) of this section, if –

   (A) the debtor does not have an equity in such property; and

   (B) such property is not necessary to an effective reorganization.

*A.  Cause Exists to Grant Relief From the Stay*

17. The Debtor remains subject to demands, orders, and obligations imposed by governmental regulatory authorities, including the SLO, the BLM, and the OCD. However, the Debtor's failure to comply with those directives is causing immediate harm to the Non-Debtor Party because, in the absence of the Debtor's performance, the agencies look to the lessees and owners and/or operators of record to satisfy the Debtor's obligations. Nevertheless, the Debtor's interests in the wells and associated real and personal property at issue remain property of the bankruptcy estate under Section 541 of the Bankruptcy Code, thus inhibiting the Non-Debtor

Party's ability to perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over Debtor's ownership and operation of oil and gas interests.

18. In addition, amounts being assessed by the regulatory agencies for the Debtor's failure to fulfill its regulatory obligations is potentially imposing post-petition liabilities against the Debtor's estate, which by virtue of the Stipulation, would be mitigated.

### B. The Debtor Lacks Equity in the Property

19. The Debtor lacks equity in the wells and associated real and personal property at issue. The Trustee is informed that the Debtor's wells and other property are the subject of various regulatory demands, actions, and circumstances which render such interests incapable of generating meaningful economic value. Among the challenges of which the Trustee has been made aware, are lease cancellations, inactive operations, wells incapable of economic production, and inability or failure to produce in paying quantities that would exceed the associated liabilities. Moreover, the mounting regulatory and environmental liabilities, and associated costs of reclamation, eclipse any value the wells and related property could have to the estate and its creditors. The estate simply does not have the resources to address the issues required to revive, improve, and/or maintain any value of the wells and associated property.

### C. The Property is Not Necessary for Reorganization

20. This Bankruptcy Case is a chapter 7 case and, as a result, a restructuring is not available to the Debtor or otherwise feasible under the facts and circumstances presented.

### REQUEST TO WAIVE THE STAY TO ENFORCE THE ORDER

21. Given the regulatory pressures faced by the estate and the Non-Debtor Party, the Trustee and the Non-Debtor Party respectfully request that the stay arising under Bankruptcy Rule 4001(a)(3) be waived and the Order be immediately effective and enforceable upon its entry.

**CONCLUSION**

WHEREFORE PREMISES CONSIDERED, the Trustee prays that the Court (i) enter the form of Order attached as *Exhibit 1* to this Motion; (i) waive the stay under Bankruptcy Rule 4001(a)(3) and make such Order immediately effective and enforceable upon its entry; and (iii) grant the Trustee and the Non-Debtor Party such other relief as the Court deems just and proper.

DATED: May 1, 2025

Respectfully submitted,

**HAYWARD PLLC**

/s/Ron Satija
Ron Satija
Texas State Bar No. 24039158
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
Email: cshelton@haywardfirm.com,
rsatija@haywardfirm.com
*Counsel for the Chapter 7 Trustee*

Stipulated and Agreed,

**HOLLAND & HART LLP**

/s/ Matthew J. Ochs
Matthew J. Ochs
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

**HOLLAND & HART LLP**

/s/ Robert Sutphin, Jr.
Robert Sutphin, Jr.
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com

*Attorneys for XTO Holdings, LLC*

## CERTIFICATE OF SERVICE

 The undersigned certifies that on May 1, 2025, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service thereby as reflected on the attached matrix and was served within one business day thereof via U.S. First Class Mail to any parties so required.

| | |
|---|---|
| Ron Satija, Chapter 7 Trustee<br>PO Box 660208<br>Austin, TX 78766 | US Trustee<br>901 San Jacinto, Ste. 230<br>Austin, TX 78701 |
| BRANDON JOHN TITTLE<br>TITTLE LAW GROUP, PLLC<br>5550 GRANITE PKWY SUITE 220<br>PLANO, TX 75024 | ACACIA OPERATING COMPANY, LLC<br>505 N. BIG SPRING ST. STE. 303<br>MIDLAND, TX 79701 |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-7<br>Case 24-70194-smr<br>Western District of Texas<br>Midland<br>Thu May  1 20:42:26 CDT 2025 | Acacia Operating Company, LLC<br>PO Box 1110<br>Boerne, TX 78006-1110 | U.S. BANKRUPTCY COURT<br>903 San Jacinto Blvd, Suite 322<br>Austin, TX 78701-2450 |
| Blue Cross Blue Shield<br>P.O. Box 650615<br>Dallas, TX 75265-0615 | Bureau of Land Management<br>Roswell Field Office<br>2909 W 2nd Street<br>Roswell, NM 88201-1287 | Central Valley Electric Cooperative, Inc.<br>P.O. Box 230<br>Lovington, NM 88260 |
| Chisos, Ltd.<br>c/o Holland & Hart LLP<br>110 N Guadalupe St #1<br>Santa Fe NM 87501-1849 | Cibolo COG Operating LLC<br>c/o Holland & Hart LLP 1<br>10 N Guadalupe St #1<br>Santa Fe NM 87501 | Cibolo Energy Resources<br>P.O. Box 1110<br>Boerne, TX 78006-1110 |
| Colorado Waterston Concho Oil & Gas LLC<br>c/o Holland & Hart LLP<br>110 N Guadalupe St #1<br>Santa Fe NM 87501-1849 | ConocoPhillips Company<br>c/o Holland & Hart LLP<br>110 N Guadalupe St #1<br>Santa Fe NM 87501-1849 | DOI, Bureau of Land Management, New Mexico<br>755 Parfet Street. Suite 151<br>Lakewood, CO 80215-5599 |
| EP&S, LLC<br>P.O. Box 1468<br>Eunice, NM 88231-1468 | Frontier Field Services, LLC<br>10077 Grogan's Mill Rd., Ste. 300<br>Spring, TX 77380-1032 | GSM Oilfield Services, Inc.<br>P.O. Box 50790<br>Amarillo, TX 79159-0790 |
| Guardian<br>P.O. Box 981590<br>El Paso, TX 79998-1590 | InSource Insurance Group, LLC<br>901 W. Wall Street, Ste. 200<br>Midland, TX 79701-6698 | Independent Well Services<br>P.O. Box 557<br>Artesia, NM 88211-0557 |
| Independent Well Services, LLC<br>PO Box 557<br>Artesia, NM 88211<br>Artesia, NM 88211-0557 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | L & F Oilfield Services, LLC<br>49 Falcon Rd.<br>Lovington, NM 88260-9760 |
| Lea County Electric<br>1300 W. Avenue D<br>Lovington, NM 88260-3806 | Lea County Electric Cooperative<br>1300 W Ave D Lovington NM 88260 | Marquis R. Gilmore, Jr.<br>1022 Fabra Street<br>Boerne, Texas 78006 |
| Martindale Consulting<br>4100 Perimeter Center Dr., Ste. 300<br>Oklahoma City, OK 73112-2311 | Midland Central Appraisal District<br>c/o Julie Parsons<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | Midland County<br>c/o Laura J. Monroe<br>Perdue, Brandon, Fielder, Collins & Mott<br>PO Box 817<br>Lubbock, TX 79408-0817 |
| New Mexico Land Office<br>P.O. Box 1148<br>Santa Fe, NM 87504-1148 | New Mexico Oil Conservation Division<br>1220 S. St. Francis Drive<br>Santa Fe, NM 87505-4225 | New Mexico State Land Office<br>c/o Lynn Hamilton Butler<br>Husch Blackwell LLP<br>111 Congress Ave #1400<br>Austin TX 78701-4093 |

| | | |
|---|---|---|
| Omega Automation, LLC<br>P.O. Box 769<br>Hobbs, NM 88241-0769 | Precision Pump & Supply<br>P.O. Box 115<br>Loco Hills, NM 88255-0115 | Q2 Artificial Lift<br>P.O. Box 206860<br>Dallas, TX 75320-6860 |
| Red Bird LP Gas Co., Inc.<br>P.O. Box 1291<br>Eunice, NM 88231-1291 | Robert Stitzel<br>4512 Cardinal Lane<br>Midland, TX 79707-2203 | Smith Welding<br>005 E. 17th St.<br>Roswell, NM 88201 |
| The Supply Store Inc.<br>132445 Lovington Highway<br>Loco Hills, NM 88255 | United States Trustee - MD12<br>US Trustee's Office<br>230 Homer Thornberry Judicial Bldg.<br>903 San Jacinto Blvd.<br>Austin, TX 78701-2450 | Brandon John Tittle<br>Tittle Law Firm, PLLC<br>1125 Legacy Dr.<br>Suite 230<br>Frisco, TX 75034-1942 |
| Ron Satija<br>PO Box 660208<br>Austin, TX 78766-7208 | End of Label Matrix<br>Mailable recipients   39<br>Bypassed recipients    0<br>Total                 39 | |