**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | 24-70194-SMR |
| Debtor. | |

**MOTION TO ALTER OR AMEND ORDER**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, 903 San Jacinto Blvd., Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee"), the duly appointed and acting Trustee of the estate of the above-captioned debtor, Acacia Operating Company, LLC (the "Debtor"), and hereby files this *Motion to Alter or Amend Order* (the "Motion"), and in support states as follows:

**RELIEF REQUESTED AND BASIS THEREFOR**

1.      On May 1, 2025, the Trustee filed his *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (Docket No. 41) (the "Motion").

2.      On July 23, 2025, the Court entered its *Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (Docket No. 46) (the "Order").

1

3.      The Order inadvertently failed to include certain language requested by the Bureau of Land Management ("BLM"), which was agreed to by all necessary parties. Namely, the agreed upon language made it clear that the order did not operate as a release of the Debtor or any other party from any reclamation, decommissioning, site clearance, and plugging and abandonment, or other operational requirement under applicable non-bankruptcy law and all parties reserve all non-bankruptcy related defenses and/or rights. Further, that the permission granted in the order for federal, state, and local governmental agencies or departments to accept documents and instruments in connection with or necessary and appropriate to implement the order was to remain subject to applicable non-bankruptcy law.

4.      The Trustee respectfully requests the Court enter the attached revised order, which includes such language. The Trustee believes that FRCP 60(a) applies in the instant case because the failure to include the language in the original proposed order was an oversight or omission on the part of undersigned counsel.

5.      Clean and redline versions of the proposed orders are attached hereto as Exhibits A and B, respectively.

WHEREFORE PREMISES CONSIDERED, the Trustee prays that the Court (i) replace the order located at Docket No. 46 with the form of Order attached as *Exhibit A* to this Motion; and (ii) grant the Trustee and the Non-Debtor Party such other relief as the Court deems just and proper.

DATED: February 3, 2026

Respectfully submitted,

**HAYWARD PLLC**

*/s/Ron Satija*
Ron Satija
Texas State Bar No. 24039158
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
cshelton@haywardfirm.com
rsatija@haywardfirm.com

**Counsel for the Chapter 7 Trustee**

Stipulated and Agreed,

**HOLLAND & HART LLP**

*/s/ Matthew J. Ochs* [signed with permission]
Matthew J. Ochs
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

**HOLLAND & HART LLP**

Robert Sutphin, Jr.
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com

**Attorneys for Legacy Reserves Operating LP**

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 3, 2026, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service thereby as reflected on the attached matrix and was served within one business day thereof via U.S. First Class Mail to any parties so required.

Ron Satija, Chapter 7 Trustee
PO Box 660208
Austin, TX 78766

US Trustee
901 San Jacinto, Ste. 230
Austin, TX 78701

BRANDON JOHN TITTLE
TITTLE LAW GROUP, PLLC
5550 GRANITE PKWY SUITE 220
PLANO, TX  75024

ACACIA OPERATING COMPANY, LLC
505 N. BIG SPRING ST. STE. 303
MIDLAND, TX  79701

**Exhibit**

**A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | 24-70194 (SMR) |
| Debtor. | |

**ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

CAME ON FOR CONSIDERATION the *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion") seeking approval of the stipulation (the "Stipulation") entered into between Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Acacia Operating Company, LLC (the "Debtor"), and Legacy Reserves Operating LP (collectively, the "Non-Debtor Parties") and entry of an order pursuant to 11 U.S.C. § 362(d) granting the Non-Debtor Parties relief from the automatic stay pursuant to this Order; and notice having been adequate and appropriate under the circumstances; and this Court having determined that the legal

1

and factual bases set forth in the Motion, and after due deliberation, establish just cause for the relief granted herein, it is:

ORDERED that the Motion is GRANTED and the Stipulation is APPROVED; and it is further

ORDERED:

1.      The automatic stay pursuant to 11 U.S.C. § 362(a), to the extent it is applicable, is hereby lifted solely to permit the Non-Debtor Parties to enter upon the oil and gas leases set forth on ***Schedule 1*** attached (as may be supplemented upon agreement between the Trustee and the Non-Debtor Parties), and perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's 's ownership and operation of oil and gas interests.

2.      The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Parties shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, and filings as may be necessary or appropriate to implement this Order.

3.      Each and every federal, state, and local governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary and appropriate to implement this Order, subject to applicable non-bankruptcy law.

4.      Except for the relief granted in this Order, and notwithstanding the Motion, the Stipulation, the relief granted in this Order, and any actions taken pursuant to this Order, nothing

2

in this Order shall (a) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, or (b) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

5.     The Non-Debtor Parties are, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries, losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to this Order. Nothing in this Order shall be interpreted to release the Debtor or any other party from any reclamation, decommissioning, site clearance, and plugging and abandonment, or other operational requirement under applicable non-bankruptcy law and all parties reserve all non-bankruptcy related defenses and/or rights.

6.     Neither the Non-Debtor Parties nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of this Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Parties are not assuming any liability or obligation of the Debtor or the bankruptcy estate.

7.     This Order does not waive or release the Non-Debtor Parties' right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein, and all of the Non-Debtor Parties' rights and claims against the Debtor and the estate in this bankruptcy case are preserved.

8.      The Non-Debtor Parties and their affiliates, agents, contractors, successors, assigns, and representatives are authorized and empowered, but not required, to take all actions necessary to implement the relief granted in this Order.

9.      The stay requirement of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived and this Order is immediately effective and enforceable upon entry.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

### # # # END OF ORDER # # #

Submitted by:

Ron Satija
Charlie Shelton
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
cshelton@haywardfirm.com
rsatija@haywardfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

Exhibit

B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | 24-70194 (SMR) |
| Debtor. | |

**ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF**
**FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

CAME ON FOR CONSIDERATION the *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion") seeking approval of the stipulation (the "Stipulation") entered into between Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Acacia Operating Company, LLC (the "Debtor"), and Legacy Reserves Operating LP (collectively, the "Non-Debtor Parties") and entry of an order pursuant to 11 U.S.C. § 362(d) granting the Non-Debtor Parties relief from the automatic stay pursuant to this Order; and notice having been adequate and appropriate under the circumstances; and this Court having determined that the legal

1

and factual bases set forth in the Motion, and after due deliberation, establish just cause for the relief granted herein, it is:

ORDERED that the Motion is GRANTED and the Stipulation is APPROVED; and it is further

ORDERED:

1.      The automatic stay pursuant to 11 U.S.C. § 362(a), to the extent it is applicable, is hereby lifted solely to permit the Non-Debtor Parties to enter upon the oil and gas leases set forth on *Schedule 1* attached (as may be supplemented upon agreement between the Trustee and the Non-Debtor Parties), and perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's 's ownership and operation of oil and gas interests.

2.      The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Parties shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, and filings as may be necessary or appropriate to implement this Order.

3.      Each and every federal, state, and local governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary and appropriate to implement this Order, subject to applicable non-bankruptcy law.

4.      Except for the relief granted in this Order, and notwithstanding the Motion, the Stipulation, the relief granted in this Order, and any actions taken pursuant to this Order, nothing

2

in this Order shall (a) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, or (b) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

5.      The Non-Debtor Parties are, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries, losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to this Order. Nothing in this Order shall be interpreted to release the Debtor or any other party from any reclamation, decommissioning, site clearance, and plugging and abandonment, or other operational requirement under applicable non-bankruptcy law and all parties reserve all non-bankruptcy related defenses and/or rights.

6.      Neither the Non-Debtor Parties nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of this Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Parties are not assuming any liability or obligation of the Debtor or the bankruptcy estate.

7.      This Order does not waive or release the Non-Debtor Parties' right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein, and all of the Non-Debtor Parties' rights and claims against the Debtor and the estate in this bankruptcy case are preserved.

8.　　The Non-Debtor Parties and their affiliates, agents, contractors, successors, assigns, and representatives are authorized and empowered, but not required, to take all actions necessary to implement the relief granted in this Order.

9.　　The stay requirement of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived and this Order is immediately effective and enforceable upon entry.

10.　　This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

### # # # END OF ORDER # # #

Submitted by:

Ron Satija
Charlie Shelton
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
cshelton@haywardfirm.com,
rsatija@haywardfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

4

Acacia Operating Company, LLC
505 N. Big Spring St.
Ste. 303
Midland, TX 79701-4346

Blue Cross Blue Shield
P.O. Box 650615
Dallas, TX 75265-0615

Brandon John Tittle
Tittle Law Group, PLLC
1125 Legacy Dr.
Suite 230
Frisco, TX 75034-1942

Bureau of Land Management
Roswell Field Office
2909 W 2nd Street
Roswell, NM 88201-1287

Central Valley Electric Cooperative, Inc.
P.O. Box 230
Lovington, NM 88260

Chisos, Ltd.
c/o Holland & Hart LLP
110 N. Guadalupe Street, Ste. 1
Santa Fe, NM 87501-1849

Cibolo COG Operating LLC
c/o Holland & Hart LLP 1
10 N. Guadalupe St., Ste. 1
Santa Fe, NM 87501

Cibolo Energy Resources
P.O. Box 1110
Boerne, TX 78006-1110

Colorado Waterston Concho Oil & Gas LLC
c/o Holland & Hart LLP
110 N. Guadalupe Street, Ste. 1
Santa Fe, NM 87501-1849

ConocoPhillips Company
c/o Holland & Hart LLP
110 N. Guadalupe Street, Ste. 1
Santa Fe, NM 87501-1849

EP&S, LLC
P.O. Box 1468
Eunice, NM 88231-1468

Frontier Field Services, LLC
10077 Grogan's Mill Rd., Ste. 300
Spring, TX 77380-1032

GSM Oilfield Services, Inc.
P.O. Box 50790
Amarillo, TX 79159-0790

Guardian
P.O. Box 981590
El Paso, TX 79998-1590

Independent Well Services
P.O. Box 557
Artesia, NM 88211-0557

InSource Insurance Group, LLC
901 W. Wall Street, Ste. 200
Midland, TX 79701-6698

Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Stop 5026 AUS
300 E 8th Street
Austin, TX 78701-3233

Julie Anne Parsons
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, Texas 78680

L & F Oilfield Services, LLC
49 Falcon Rd.
Lovington, NM 88260-9760

LAURA J. MONROE
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
P.O. Box 817
LUBBOCK, TX 79408

Lea County Electric
1300 W. Avenue D
Lovington, NM 88260-3806

Lynn Hamilton Butler
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701

Marquis R. Gilmore, Jr.
1022 Fabra Street
Boerne, Texas 78006

Martindale Consulting
4100 Perimeter Center Dr., Ste. 300
Oklahoma City, OK 73112-2311

New Mexico Land Office
P.O. Box 1148
Santa Fe, NM 87504-1148

New Mexico Oil Conservation Division
1220 S. St. Francis Drive
Santa Fe, NM 87505-4225

Omega Automation, LLC
P.O. Box 769
Hobbs, NM 88241-0769

Precision Pump & Supply
P.O. Box 115
Loco Hills, NM 88255-0115

Q2 Artificial Lift
P.O. Box 206860
Dallas, TX 75320-6860

Red Bird LP Gas Co., Inc.
P.O. Box 1291
Eunice, NM 88231-1291

Robert Stitzel
4512 Cardinal Lane
Midland, TX 79707-2203

Ron Satija
PO Box 660208
Austin, TX 78766-7208

Smith Welding
005 E. 17th St.
Roswell, NM 88201

The Supply Store Inc.
132445 Lovington Highway
Loco Hills, NM 88255

United States Attorney
Civil Process Clerk-IRS
601 NW Loop 410 Ste 600
San Antonio, TX 78216

United States Attorney General
Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

United States Trustee (SMG77)
U.S. Trustee's Office
615 E. Houston, Suite 533
P.O. Box 1539
San Antonio, TX 78295-1539

United States Trustee - MD12
US Trustee's Office
230 Homer Thornberry Judicial Bldg.
903 San Jacinto Blvd.
Austin, TX 78701-2450

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | 24-70194-SMR |
| Debtor. | |

## <u>ORDER GRANTING MOTION TO ALTER OR AMEND ORDER</u>

CAME ON for consideration the *Motion to Alter or Amend Order* (the "<u>Motion</u>") of Ron Satija, in his capacity as Chapter 7 trustee (the "<u>Trustee</u>"), the duly appointed and acting Trustee of the estate of the above-captioned debtor, seeking to modify the *Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (Docket No. 46). The Court finds the Motion is well-founded and should be granted. Accordingly, it is ordered as follows:

1.      The Motion is GRANTED; it is further

1

2.      ORDERED that the Order attached hereto as ***Exhibit A*** shall be docketed in replacement of *Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (Docket No. 46); it is further

3.      ORDERED that the Court retains jurisdiction regarding the interpretation and enforcement of this Order.

EXHIBIT A TO ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | 24-70194 (SMR) |
| Debtor. | |

**ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF**
**FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

CAME ON FOR CONSIDERATION the *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion") seeking approval of the stipulation (the "Stipulation") entered into between Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Acacia Operating Company, LLC (the "Debtor"), and Legacy Reserves Operating LP (collectively, the "Non-Debtor Parties") and entry of an order pursuant to 11 U.S.C. § 362(d) granting the Non-Debtor Parties relief from the automatic stay pursuant to this Order; and notice having been adequate and appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion, and after due deliberation, establish just cause for the relief granted herein, it is:

ORDERED that the Motion is GRANTED and the Stipulation is APPROVED; and it is further

ORDERED:

1.      The automatic stay pursuant to 11 U.S.C. § 362(a), to the extent it is applicable, is hereby lifted solely to permit the Non-Debtor Parties to enter upon the oil and gas leases set forth

3

on **Schedule 1** attached (as may be supplemented upon agreement between the Trustee and the Non-Debtor Parties), and perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's 's ownership and operation of oil and gas interests.

2.     The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Parties shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, and filings as may be necessary or appropriate to implement this Order.

3.     Each and every federal, state, and local governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary and appropriate to implement this Order, subject to applicable non-bankruptcy law.

4.     Except for the relief granted in this Order, and notwithstanding the Motion, the Stipulation, the relief granted in this Order, and any actions taken pursuant to this Order, nothing in this Order shall (a) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, or (b) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

5.     The Non-Debtor Parties are, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries, losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential

4

arising out of or in any way relating to any actions taken pursuant to this Order. Nothing in this Order shall be interpreted to release the Debtor or any other party from any reclamation, decommissioning, site clearance, and plugging and abandonment, or other operational requirement under applicable non-bankruptcy law and all parties reserve all non-bankruptcy related defenses and/or rights.

6.      Neither the Non-Debtor Parties nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of this Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Parties are not assuming any liability or obligation of the Debtor or the bankruptcy estate.

7.      This Order does not waive or release the Non-Debtor Parties' right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein, and all of the Non-Debtor Parties' rights and claims against the Debtor and the estate in this bankruptcy case are preserved.

8.      The Non-Debtor Parties and their affiliates, agents, contractors, successors, assigns, and representatives are authorized and empowered, but not required, to take all actions necessary to implement the relief granted in this Order.

9.      The stay requirement of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived and this Order is immediately effective and enforceable upon entry.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

### # # # END OF ORDER # # #

[Schedule 1 Attached Below]

Submitted by:

Ron Satija
Charlie Shelton
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
cshelton@haywardfirm.com
rsatija@haywardfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

# Schedule 1

| API | WELL NAME | LEASE | LESSEE |
|---|---|---|---|
| 30-025-31622 | NEW MEXICO STATE | VA-0331-0002 | LEGACY RESERVES OPERATING LP |
| 30-025-40076 | RANGER LAKE 1 STATE | V0-8710-0001 | LEGACY RESERVES OPERATING LP |
| 30-025-00182 | NORTH CAPROCK CELERO QUEEN UNIT | V0-8891-0001 | LEGACY RESERVES OPERATING LP |
| 30-025-00207 | NORTH CAPROCK CELERO QUEEN UNIT | V0-8139-0002 | LEGACY RESERVES OPERATING LP |
| 30-025-00201 | NORTH CAPROCK CELERO QUEEN UNIT | V0-8139-0002 | LEGACY RESERVES OPERATING LP |
| 30-025-00209 | NORTH CAPROCK CELERO QUEEN UNIT | V0-8139-0002 | LEGACY RESERVES OPERATING LP |
| 30-025-00200 | NORTH CAPROCK CELERO QUEEN UNIT | V0-8139-0002 | LEGACY RESERVES OPERATING LP |
| 30-005-00938 | ROCK QUEEN UNIT #0083 | B0-9541-10 | LEGACY RESERVES OPERATING LP |