UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 24-70194 |
| ACACIA OPERATING COMPANY, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF
CERTAIN OIL AND GAS LEASES AND RELATED PROPERTY**

COMES NOW Ron Satija, Chapter 7 Trustee (the "Trustee") in the above-captioned case, and files this Motion to Approve Sale (the Trustee's "Motion") seeking approval pursuant to 11 U.S.C. § 363(b) and (f) to sell certain estate assets as identified more fully herein for $40,000.00. In support thereof, the Trustee would respectfully show as follows:

**I.   JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.   BACKGROUND**

2.   On December 27, 2024, Acacia Operating Company, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1] Ron Satija was appointed as the Chapter 7 Trustee.

3.   The primary assets of the Debtor's[2] estate include oil and gas leases, wells, and mineral rights located in New Mexico.

---

[1] 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").
[2] Concurrently with the instant motion, the Trustee is filing a substantially-similar motion in the Debtor's sister case, *In re Acacia Resources, LLC*, Case No. 25-70195-smr. Despite diligent inquiry, the Trustee has been unable to

4. On April 10, 2025, the Trustee entered into a Carveout Agreement with the senior secured creditor, Cibolo Energy Resources ("Cibolo"). Under this agreement, Cibolo consented to the sale of assets free and clear of its liens, provided that a percentage of the sale proceeds (25% of the first $100,000.00) is carved out for the benefit of unsecured creditors and administrative expenses.

### III. THE PROPOSED SALE & NEGOTIATIONS

5. The Trustee has received and accepted an offer from Jonathan Samaniego of American Energy Resources, LLC (the "Buyer") to purchase certain assets for $40,000.00. A full list of the purchased assets and rights (the "Assets") are set forth in the Purchase and Sale Agreement (the "PSA") attached hereto as "Exhibit A." The Assets include:

   a. Federal oil and gas leases and wells located in New Mexico as identified on Exhibit 1 attached to the PSA;

   b. All related equipment, fixtures, and personal property located on the federal lease sites; and

   c. The right to salvage usable equipment from the Rock Queen Unit yard and the Long Arroyo disposal location.

   d. All wind and solar energy development rights associated with the federal and fee lands, to the extent owned by the estate.

6. The $40,000.00 offer was negotiated after several months of back and forth with the Buyer and investigation by the Trustee into the assets.

7. Namely, on June 4, 2025, the Buyer initially offered $20,000.00 for the Assets.

---

ascertain whether the Assets (as defined herein) are owned by the above-captioned Debtor or Acacia Resources, LLC.

8. The Trustee was initially concerned that the offer was too low and contacted an experienced oil and gas broker. After that broker reviewed the assets, the broker concluded that the assets would likely cost more to market than they would return from a sale. Notwithstanding that feedback from the broker, the Trustee believed $20,000.00 was too low considering the administrative expenses and need to obtain the highest possible recovery for general unsecured creditors. Accordingly, the Trustee rejected the $20,000.00 offer and after additional negotiations, the parties settled on $40,000.00.

9. Per the parties' agreement, the sale specifically excludes the following:

   a. State Wellbores: All state wellbores are severed and excluded due to state regulatory opposition;

   b. Rock Queen Unit Yard: The yard itself is excluded, though the Buyer retains the right to salvage usable equipment from the location; and

   c. Liabilities: The Buyer is not assuming any plugging, reclamation, or environmental liabilities associated with the excluded state wellbores or the Long Arroyo disposal wellbore.

10. As set forth in Exhibit A, the sale is "AS IS, WHERE IS" with no warranties. The Buyer is responsible for preparing conveyance documents and transferring regulatory responsibility (P-4s).

### IV. BASIS FOR RELIEF

11. Although Bankruptcy Code § 363 does not set forth a standard for determining when it is appropriate for a Court to authorize the sale or disposition of a debtor's assets, Courts have uniformly held that approval of a proposed sale of property under Bankruptcy Code § 363(b) is appropriate if the transaction is supported by the reasonable business judgment. See e.g. *ASARCO,*

*Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011).

12. Under the business judgment test, the sale should be approved if it will benefit the estate, including "debtor, creditors and equity holders." *Id.* The Trustee's business judgment should be accepted unless the evidence shows that it is "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (*quoting Allied Tech., Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982)).

13. When considering a decision made in the Trustee's business judgment, bankruptcy courts typically presume the Trustee acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate. *See In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (discussing the general concepts behind the business judgment rule while considering a debtor's motion to reject an executory contract). *See also*, *In re Lahijani,* 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005) (With respect to a proposed sale under Section 363(b), "[o]rdinarily, the position of the Debtor is afforded deference, particularly where business judgment is entailed in the analysis . . . .").

14. In the instant case, the Trustee believes this particular sale is reasonable and prudent because: 1) the Trustee has investigated the Assets and determined that a higher price is not likely to result from extensive marketing; 2) the Trustee has already entered into a carve-out agreement with Cibolo to ensure a recovery for the general unsecured creditors; and 3) the Trustee obtained the highest reasonably available price from the Buyer.

15. The Trustee is also pursuing the sale of the Property under Bankruptcy Code § 363(f) free and clear of all liens and interests. Section 363(f) of the Code authorizes the trustee or debtor in possession to sell property of the estate free and clear of any interest in such property of an entity

other than the estate if one or more of the specified conditions can be shown. The requisite conditions are that:

    a. the sale is permitted by nonbankruptcy law;

    b. the entity with an interest in the collateral consents to the sale;

    c. the interest in the property is a lien and the sale price is greater than aggregate value of all liens in the collateral;

    d. the interest is in bona fide dispute; or

    e. the entity with the interest could be compelled to accept money satisfaction.

11 U.S.C. § 363(f).

16. Pursuant to § 363(f), the Trustee is authorized to make the sale free and clear of liens because the entity with an interest in the collateral has consented.

17. Notice of this Sale Motion will be provided to all creditors and interest parties entitled to receive such notice in accordance with Bankruptcy Rules 2002(a)(2) & (c)(1), and Local Bankruptcy Rule 6004–1(b).

## V. CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the sale of the Assets to the Buyer for $40,000.00, free and clear of all liens, claims, and encumbrances and granting such other relief as the Court deems just and proper.

Dated: March 3, 2026

Respectfully submitted,

**HAYWARD PLLC**

*/s/Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Tel./Fax: (737) 881-7100
cshelton@haywardfirm.com,
rsatija@haywardfirm.com

***Counsel for Ron Satija, Chapter 7 Trustee***

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on March 3, 2026, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service thereby and on March 3, 2026 via U.S. First Class Mail on the attached matrix.

               */s/ Charlie Shelton*
               Charlie Shelton

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-7<br>Case 24-70194-smr<br>Western District of Texas<br>Midland<br>Tue Mar  3 13:40:49 CST 2026 | Acacia Operating Company, LLC<br>PO Box 1110<br>Boerne, TX 78006-1110 | U.S. BANKRUPTCY COURT<br>903 San Jacinto Blvd, Suite 322<br>Austin, TX 78701-2450 |
| (p)ATLAS ACQUISITIONS LCC<br>492C CEDAR LANE SUITE 442<br>TEANECK NJ 07666-1713 | Blue Cross Blue Shield<br>P.O. Box 650615<br>Dallas, TX 75265-0615 | Bureau of Land Management<br>Roswell Field Office<br>2909 W 2nd Street<br>Roswell, NM 88201-1287 |
| COG Operating LLC<br>c/o ConocoPhillips Company<br>P. O. Box 2197<br>Houston, TX 77252-2197 | Central Valley Electric Cooperative, Inc.<br>P.O. Box 230<br>Lovington, NM 88260 | Chisos, Ltd.<br>c/o Holland & Hart LLP<br>110 N Guadalupe St #1<br>Santa Fe NM 87501-1849 |
| Cibolo COG Operating LLC<br>c/o Holland & Hart LLP 1<br>10 N Guadalupe St #1<br>Santa Fe NM 87501 | Cibolo Energy Resources<br>P.O. Box 1110<br>Boerne, TX 78006-1110 | Colorado Waterston Concho Oil & Gas LLC<br>c/o Holland & Hart LLP<br>110 N Guadalupe St #1<br>Santa Fe NM 87501-1849 |
| Concho Oil & Gas LLC<br>c/o ConocoPhillips Company<br>P. O. Box 2197<br>Houston, TX 77252-2197 | ConocoPhillips Company<br>P. O. Box 2197<br>Houston, TX 77252-2197 | ConocoPhillips Company<br>c/o Holland & Hart LLP<br>110 N Guadalupe St #1<br>Santa Fe NM 87501-1849 |
| DOI, Bureau of Land Management, New Mexico<br>755 Parfet Street. Suite 151<br>Lakewood, CO 80215-5599 | EP&S, LLC<br>P.O. Box 1468<br>Eunice, NM 88231-1468 | Frontier Field Services, LLC<br>10077 Grogan's Mill Rd., Ste. 300<br>Spring, TX 77380-1032 |
| GSM Oilfield Services, Inc.<br>P.O. Box 50790<br>Amarillo, TX 79159-0790 | Guardian<br>P.O. Box 981590<br>El Paso, TX 79998-1590 | InSource Insurance Group, LLC<br>901 W. Wall Street, Ste. 200<br>Midland, TX 79701-6698 |
| Independent Well Services<br>P.O. Box 557<br>Artesia, NM 88211-0557 | Independent Well Services, LLC<br>PO Box 557<br>Artesia, NM 88211<br>Artesia, NM 88211-0557 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| L & F Oilfield Services, LLC<br>49 Falcon Rd.<br>Lovington, NM 88260-9760 | Lea County Electric<br>1300 W. Avenue D<br>Lovington, NM 88260-3806 | Lea County Electric Cooperative<br>1300 W Ave D Lovington NM 88260 |
| Legacy Reserves Operating LP<br>c/o General Counsel<br>P. O. Box 267<br>Denver, CO 80201-0267 | Marathon Oil Co.<br>c/o ConocoPhillips Company<br>P. O. Box 2197<br>Houston, TX 77252-2197 | Marathon Oil Permian LLC<br>c/o ConocoPhillips Company<br>P. O. Box 2197<br>Houston, TX 77252-2197 |

| | | |
|---|---|---|
| Marquis R. Gilmore, Jr.<br>1022 Fabra Street<br>Boerne, Texas 78006 | Martindale Consulting<br>4100 Perimeter Center Dr., Ste. 300<br>Oklahoma City, OK 73112-2311 | Midland Central Appraisal District<br>c/o Julie Parsons<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 |
| Midland County<br>c/o Laura J. Monroe<br>Perdue, Brandon, Fielder, Collins & Mott<br>PO Box 817<br>Lubbock, TX 79408-0817 | NM Energy, Minerals, & Natural Resources Dep<br>1220 South St. Francis Dr.<br>Santa Fe, NM 87505-4226 | New Mexico Department of Justice<br>201 3rd St. NW, Suite 300<br>Albuquerque, NM 87102-3366 |
| New Mexico Land Office<br>P.O. Box 1148<br>Santa Fe, NM 87504-1148 | New Mexico Oil Conservation Division<br>1220 S. St. Francis Drive<br>Santa Fe, NM 87505-4225 | New Mexico State Land Office<br>c/o Lynn Hamilton Butler<br>Husch Blackwell LLP<br>111 Congress Ave #1400<br>Austin TX 78701-4093 |
| Omega Automation, LLC<br>P.O. Box 769<br>Hobbs, NM 88241-0769 | Precision Pump & Supply<br>P.O. Box 115<br>Loco Hills, NM 88255-0115 | Q2 Artificial Lift<br>P.O. Box 206860<br>Dallas, TX 75320-6860 |
| Red Bird LP Gas Co., Inc.<br>P.O. Box 1291<br>Eunice, NM 88231-1291 | Robert Stitzel<br>4512 Cardinal Lane<br>Midland, TX 79707-2203 | Smith Welding<br>005 E. 17th St.<br>Roswell, NM 88201 |
| The Supply Store Inc.<br>132445 Lovington Highway<br>Loco Hills, NM 88255 | United States Trustee - MD12<br>US Trustee's Office<br>230 Homer Thornberry Judicial Bldg.<br>903 San Jacinto Blvd.<br>Austin, TX 78701-2450 | (p)EXXON MOBIL CORPORATION<br>ATTN MELISSA DENARD<br>22777 SPRINGWOODS VILLAGE PARKWAY<br>SPRING TX 77389-1425 |
| Brandon John Tittle<br>Tittle Law Firm, PLLC<br>13155 Noel Drive<br>Suite 900<br>Dallas, TX 75240-6882 | Ron Satija<br>PO Box 660208<br>Austin, TX 78766-7208 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Atlas Acquisitions LLC<br>on behalf of L & F Oilfield Services, LL<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666 | XTO Holdings, LLC<br>c/o Jason Wylie, Sr Counsel<br>22777 Springwoods Village Parkway<br>Spring, TX 77389 | End of Label Matrix<br>Mailable recipients     49<br>Bypassed recipients      0<br>Total                   49 |