**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | § | Case No. 24-70194-SMR |
| Debtor. | § | |
| | § | |

**GILMORE PARTIES' REPLY IN SUPPORT OF THEIR OBJECTION TO THE STATE
OF NEW MEXICO'S MOTION TO DETERMINE INAPPLICABILITY OF THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(B)(4)**

Marquis Reed Gilmore Jr., Gilmore Oil & Gas, LP, Bluebird Energy Corporation, and Cibolo Energy (the "Gilmore Parties") respectfully submit this Reply in support of their Objection [Docket No. 83] and in response to the State of New Mexico's Reply in Support of Its Motion to Determine Inapplicability of the Automatic Stay [Docket No. 104] (the "State's Reply").

## I. INTRODUCTION

1. The State's Reply confirms, rather than dispels, the fundamental problems identified in the Gilmore Parties' Objection. The State now concedes that its UVTA and unjust enrichment claims overlap with causes of action the Trustee "could also bring" under 11 U.S.C. § 544, and attempts to cure this deficiency by requesting—for the first time in reply—that this Court grant the State derivative standing to prosecute those estate claims. That new request is procedurally improper, substantively unsupported, and irreconcilable with the Trustee's express reservation of ownership and exclusive standing over those very causes of action. *See Louisiana World Exposition v. Fed. Ins. Co.*, 832 F.2d 1391, 1397 (5th Cir. 1987) (derivative standing requires colorable claim, unjustified refusal, and court leave); *In re Enron Corp.*, 319 B.R. 128, 131–33 (Bankr. S.D.N.Y. 2004) (same, and consent may substitute for refusal only upon court approval and findings); *In re Wilson*, 527 B.R. 253, 255–57 (Bankr. N.D. Tex. 2015)

(chapter 7 dynamics are different; avoidance actions belong to estate and trustee has exclusive standing). The State's remaining arguments—challenging the Gilmore Parties' standing, invoking state-court concurrency, and pressing for a blanket police-power carve-out—are unavailing and should be rejected. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 588–94 (5th Cir. 2012) (police/regulatory exception is claim-specific and does not permit enforcement of money judgments); *Matter of Commonwealth Oil Refining Co. (CORCO)*, 805 F.2d 1175, 1182–88 (5th Cir. 1986) (same).

## II. THE GILMORE PARTIES HAVE STANDING TO OBJECT

2. The State devotes substantial briefing to its contention that not one of the Gilmore Parties has standing to object. This argument fails for multiple independent reasons.

**A. The Gilmore Parties are named defendants in the State's complaint.**

3. The State's proposed complaint names each of the Gilmore Parties as a defendant across multiple counts, including veil-piercing, civil conspiracy, UVTA avoidance, and unjust enrichment. A party directly haled into a parallel forum on claims intertwined with core bankruptcy matters is a party-in-interest with a concrete stake in a stay determination that would export those claims from this Court. *See Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 278–79 (2024) (party in interest includes any entity "directly and adversely affected" by the proceedings and broadly encompasses those with a direct financial stake); *Doe v. Roman Catholic Church of the Archdiocese of N.O.*, 588 F. Supp. 3d 698, 709–10 (E.D. La. 2022) (party in interest analysis turns on whether the party's pecuniary interests are directly affected).

**B. Cibolo's Secured Claim Confirms Party-in-Interest Status.**

4. The schedules and record reflect that Cibolo Energy is a scheduled secured creditor with a multi-million-dollar claim. A creditor with a direct pecuniary stake is a party in interest with the right to be heard on issues that materially affect claim allowance, estate

recoveries, and priorities. *See Kaiser Gypsum*, 602 U.S. at 278–79 (direct financial stake confers party-in-interest status under § 1109(b)); *In re Okorie, No.* 3:23-CV-657, 2024 WL 2190574, at *3–*4 (S.D. Miss. May 22, 2024) (party in interest generally includes "anyone who has a legally protected interest that could be affected by the bankruptcy case," and one who has filed or is scheduled with a claim). The State's suggestion that potential defenses to Cibolo's claim negate standing misapprehends the standard; standing turns on present, direct stake, not on the merits of contested defenses. *See St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 540–43 (5th Cir. 2009) (creditors had standing to pursue statutory rights where injuries were fairly traceable and redressable)

**C.    Mr. Gilmore's Standing Does Not Turn on Surplus Projections**

5.      The State contends that Mr. Gilmore lacks standing as an equity holder because large environmental liabilities will consume any value. This argument assumes, without adjudication, outcomes on claim allowance and recoveries, and it ignores that Mr. Gilmore is an individually named defendant. A named defendant subject to asserted liability has a direct and concrete stake in the scope of a stay carve-out determining forum and timing. *See Kaiser Gypsum*, 602 U.S. at 278–79; cf. *In re Davidson*, 596 B.R. 841, 846–47 (Bankr. N.D. Miss. 2019) (even chapter 7 debtors may be heard where they show a personal pecuniary stake; courts assess standing pragmatically).

**D.    Gilmore Oil & Gas and Bluebird Are Parties-in-Interest**

6.      Even if Gilmore Oil & Gas, LP and Bluebird Energy Corporation did not file proofs of claim, they are named defendants in the proposed complaint and face potential joint and several liability. Exposure to parallel litigation that directly implicates core estate functions

3

and prior orders of this Court confers a sufficient, cognizable interest to be heard on a stay carve-out. *See Kaiser Gypsum*, 602 U.S. at 278–79; *Doe*, 588 F. Supp. 3d at 709–10.

### III. THE STATE'S DERIVATIVE-STANDING REQUEST IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY FAILS

7. The most significant development in the State's Reply is its request that this Court grant the State derivative standing to prosecute UVTA and unjust enrichment claims that the State acknowledges the Trustee "could" bring under § 544. This request must be denied for several reasons.

8. ***Derivative standing is an extraordinary remedy subject to heightened scrutiny in Chapter 7, and the State's request fails on procedural and substantive grounds alike.*** The State's Motion sought only a § 362(b)(4) determination; derivative standing requires a noticed request and separate adjudication—it cannot be raised for the first time in reply. *See Louisiana World Exposition*, 832 F.2d at 1397; *In re Enron*, 319 B.R. at 131–33; *In re Roman Catholic Church of the Archdiocese of Santa Fe*, 621 B.R. 502, 508–10 (Bankr. D.N.M. 2020) (granting standing only after full evidentiary consideration).

9. By embedding this new relief in a reply brief, the State deprived the Gilmore Parties and the Trustee of any opportunity to develop a factual record or brief the issue— gamesmanship this Court should not reward.

10. Nor did the Trustee consent to cede estate causes of action. His Limited Objection stated only non-opposition to the State's "primary request" for a police-power carve-out, while expressly reserving "all rights of the Trustee to assert ownership of, or the exclusive right to pursue, such causes of action." Trustee Resp. ¶¶ 1, 7–8. Non-opposition to a regulatory carve-out is categorically different from consent to derivative standing. *See Enron*, 319 B.R. at 131–33; *In re Tidewater Landfill, LLC*, 674 B.R. 218, 227–34 (Bankr. E.D. La. 2025) (even with trustee

4

consent, derivative standing requires best-interest and necessity findings). The State's reliance on *In re Racing Services*, 540 F.3d 892 (8th Cir. 2008), is inapposite. *In re Racing Services* does not support derivative standing here, as the creditor there filed a separately noticed adversary proceeding and obtained express court approval on a developed record—circumstances entirely absent from the State's reply-stage request. 540 F.3d at 902.

11.     The State has also offered no evidence on any substantive predicate—no showing that the Trustee has unjustifiably refused to act, no cost-benefit analysis, and no proposed protocols to ensure recoveries inure to the estate. In Chapter 7, where an independent trustee is vested with exclusive authority over estate causes of action, courts apply a heightened standard before permitting creditors to usurp that role. *See Wilson*, 527 B.R. at 255–57 (avoidance actions "belong to the bankruptcy estate" and the trustee has "exclusive standing"; independent trustee eliminates rationale for creditor prosecution); *In re Dominion Group, LLC*, No. 19-12366, 2023 WL 4758730, at *5–*6 (Bankr. E.D. La. July 24, 2023) (cautioning against allowing creditors to "hijack" Chapter 7 avoidance actions). Because this Trustee is actively administering the estate and has expressly reserved his rights, the justification for derivative standing is at its weakest.

12.     Moreover, these are estate causes of action. The State's own pleading seeks to return "positive-value assets" to Acacia's estate—quintessential estate-recovery relief that belongs to the Trustee. See 28 U.S.C. § 157(b)(2)(H); *In re Educators Grp. Health Tr.*, 25 F.3d 1281, 1284–86 (5th Cir. 1994) (claims derivative of debtor injury belong to the estate); *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275–77 (5th Cir. 1983); *In re Moore*, 608 F.3d 253, 259–61 (5th Cir. 2010) (state-law fraudulent conveyance claims are estate property under § 541 and core under § 157(b)(2)(H)). The State's invocation of § 548 lookback limits only underscores why § 544(b) is the Trustee's tool. *See In re Essential Fin. Educ., Inc.*, 629 B.R. 401, 418–20

(Bankr. N.D. Tex. 2021). The remedy the State seeks—avoided assets returned to the estate, not to the State—confirms these claims fall on the estate side of the Fifth Circuit's line between derivative and direct injury.").

### IV.  THE POLICE AND REGULATORY POWERS EXCEPTION REQUIRES A NARROW, TAILORED ORDER

13.     The Gilmore Parties acknowledge that certain of the State's claims—particularly prospective injunctive relief to compel plugging and remediation under the Oil and Gas Act— may fall within § 362(b)(4). The Fifth Circuit has adopted the pecuniary purpose and public policy tests to evaluate this exception. *See Halo Wireless*, 684 F.3d at 588 (articulating tests and holding that governmental actions may proceed to entry, but not enforcement, of money judgments); *CORCO*, 805 F.2d at 1182–88 (environmental enforcement is excepted; enforcement of money judgments remains stayed). Courts consistently hold that while government may liquidate fines and penalties and obtain injunctive relief, it may not enforce money judgments outside the bankruptcy process.  *See SEC v. Brennan*, 230 F.3d 65, 71–73 (2d Cir. 2000) (entry, but not enforcement, of money judgment); *U.S. v. Oil Transport Co., Inc.*, 172 B.R. 834, 836–37 (E.D. La. 1994) (government's action for response costs may proceed to judgment under § 362(b)(4), with enforcement stayed).

14.     The State's proposed complaint, however, goes far beyond prospective environmental enforcement. It seeks to unwind transfers and return assets to the estate, to obtain restitution and treble damages, to impose civil penalties and fees, and to require escrow funding. Those are pecuniary objectives that either belong to the Trustee to prosecute as estate recoveries or, at minimum, must be liquidated and administered in this Court. *See Halo Wireless*, 684 F.3d at 588–94 (exception is claim-specific; proceedings may adjudicate liability but cannot enforce money judgments, and bankruptcy court may cabin relief to protect core functions); *In re Wyly*,

526 B.R. 194, 198–99, 205–06 (Bankr. N.D. Tex. 2015) (exception applies where government vindicates more than a pecuniary interest; monetary character alone does not control, but claims primarily aimed at estate recovery fall outside the exception); *CORCO*, 805 F.2d at 1186–88 (rejecting the notion that compelled expenditures alone convert an injunction into a money judgment; monetary enforcement remains stayed).

15.     Nor do 28 U.S.C. § 959(b) and *Midlantic National Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494 (1986), expand the scope of § 362(b)(4) in a Chapter 7 liquidation. Section 959(b) obliges the trustee to manage property consistent with valid state laws, and *Midlantic* limits abandonment in the face of imminent and identifiable harm, but neither converts a liquidating estate into an operating utility nor authorizes impracticable injunctions where administration is winding down. *See In re American Coastal Energy Inc.*, 399 B.R. 805, 814–18 (Bankr. S.D. Tex. 2009) (§ 959(b) applies; *Midlantic* is a policy-grounded, narrow limitation); *In re Shore Co., Inc.*, 134 B.R. 572, 575–80 (Bankr. E.D. Tex. 1991) (*Midlantic* is narrow; in liquidation, absent imminent harm, court should not compel operational remediation or exhaust estate). The appropriate calibration is a narrow order permitting prospective environmental injunctions within § 362(b)(4), while preserving all estate-recovery and monetary components for centralized adjudication and administration here. *See Halo Wireless*, 684 F.3d at 588–94; *CORCO*, 805 F.2d at 1182–88.

## V.  THIS COURT IS THE APPROPRIATE FORUM FOR ESTATE-RECOVERY AND CORE CLAIMS

16.     New Mexico's convenience arguments for state-court primacy cannot overcome this Court's core jurisdiction over avoidance claims, claims allowance and estimation, and interpretation of its sale orders. Avoidance actions are core proceedings under 28 U.S.C. § 157(b)(2)(H), and claim allowance is core under § 157(b)(2)(B). *See Colvin v. Amegy Mortg.*

*Co., L.L.C.*, 507 B.R. 169, 181–82 (W.D. Tex. 2014) (avoidance is core); *WRT Creditors Liquidation Tr. v. CIBC Oppenheimer Corp.*, 75 F. Supp. 2d 596, 607–10 (S.D. Tex. 1999) (claims allowance and fraudulent transfer proceedings are core; courts analyze claim-by-claim). Interpretation and enforcement of this Court's sale orders are also core. *See Matter of RE Palm Springs II, L.L.C.*, 106 F.4th 406, 413–15 (5th Cir. 2024) (turnover order enforcing earlier sale order was core; interpreting and enforcing sale orders are integral to bankruptcy); *In re CDP Corp., Inc.*, 462 B.R. 615, 626–27 (Bankr. S.D. Miss. 2011) (continuing jurisdiction to interpret and enforce sale orders is core).

17.     The State's reliance on non-removability of certain enforcement claims does not compel wholesale export of estate-recovery litigation. Courts routinely bifurcate mixed matters, entering final judgments on core claims while recognizing concurrent jurisdiction over related state-law claims and, where appropriate, abstaining or coordinating proceedings. *See VSP Labs, Inc. v. Hillair Capital Invs.*, L.P., No. 3:19-CV-01208, 2020 WL 837066, at *5–*6 (N.D. Tex. Feb. 20, 2020) (claim-by-claim core/non-core analysis; non-core may proceed with proposed findings); *In re RGV Smiles by Rocky L. Salinas, D.D.S., P.A.*, 626 B.R. 278, 297–99 (Bankr. S.D. Tex. 2021) (recognizing police-power exception and the § 1452(a) removal exception while adjudicating core aspects in bankruptcy court). The appropriate solution here is a tailored order preserving state-court space for prospective environmental enforcement, while reserving UVTA, unjust enrichment, veil-piercing for estate satisfaction, and all monetary components for adjudication and administration in this Court. *See Halo Wireless*, 684 F.3d at 588–94; *WRT Creditors*, 75 F. Supp. 2d at 607–15 (mandatory abstention applies to non-core; core remains in bankruptcy court).

8

## VI.  TIMELINESS CONCERNS SUPPORT A NARROW ORDER

18.     The State characterizes its timing as diligent; the record shows it had ample notice of the Remnant proceedings and sale but did not pursue the avoidance-style theories it now asserts. The enforcement carve-outs in prior sale orders preserved governmental police/regulatory rights, not wholesale relocation of estate-recovery litigation.  Interpretation and enforcement of those orders sit squarely in this Court. *See RE Palm Springs*, 106 F.4th at 413–15 (sale-order interpretation is core); *CDP Corp.*, 462 B.R. at 626–27 (same).  These equities further support limiting any § 362(b)(4) ruling to prospective environmental enforcement, while centralizing estate-recovery and monetary components here

## VII.  CONCLUSION

For the foregoing reasons, the Gilmore Parties respectfully request that this Court enter an Order:

(a) Denying the State's Motion to the extent it seeks a blanket determination that the automatic stay is inapplicable to all of the State's proposed causes of action, consistent with the claim-specific analysis under § 362(b)(4).

(b) Denying the State's request for derivative standing to prosecute UVTA and unjust enrichment claims, without prejudice to a properly noticed motion supported by a complete record and required findings.

(c) If the Court determines that certain of the State's claims fall within § 362(b)(4), limiting any such determination to prospective injunctive relief to enforce the Oil and Gas Act, and excluding the State's UVTA claims, unjust enrichment claims, and all other estate-recovery and pecuniary claims from the carve-out so they remain stayed and administered in this Court.

(d) Including in any order the clarifying language requested by the Trustee, confirming that the Court is not making a final determination as to the ownership of specific causes of action, and that all rights of the Trustee to assert ownership of, or the exclusive right to pursue, such causes of action are expressly reserved.

(e) Ordering that all monetary claims—including civil penalties, reimbursement, treble damages, attorneys' fees, and escrow obligations—be liquidated, if at all, with

9

post-judgment enforcement, allowance, and payment administered exclusively in this Court.

(f) Granting the Gilmore Parties such further relief as to which they may justly be entitled.

Dated: March 23, 2026

/s/ *Beau Butler*

**JACKSON WALKER L.L.P.**
Jennifer F. Wertz (TX Bar No. 24072822)
Beau H. Butler (TX Bar No. 24132535)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: (512) 236-2000
Email: jwertz@jw.com
Email: bbutler@jw.com

**JACKSON WALKER LLP**
Robert L. Soza, Jr. (TX Bar No. 18869300)
Reagan M. Marble (TX Bar No. 24087971)
Brandon Durrett (TX Bar No. 24061059)
Robert M. Biedrzycki (TX Bar No. 24111174)
1900 Broadway, Suite 1200
San Antonio, TX 78215
Telephone: (210) 978-7000
Email: rsoza@jw.com
Email: rmarble@jw.com
Email: bdurrett@jw.com
Email: bbiedrzycki@jw.com

*Counsel to Marquis Reed Gilmore Jr, Gilmore Oil & Gas, LP, Bluebird Energy Corporation, Cibolo Energy*

10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 23rd day of March 2026 a true and correct copy of the foregoing document was served the Court's CM/ECF electronic notification system upon the following:

| | |
|---|---|
| **<u>Debtor</u>**<br>Brandon John Tittle<br>Tittle Law Firm, PLLC<br>13155 Noel Drive, Suite 900<br>Dallas, TX 75240<br>btittle@tittlelawgroup.com | **<u>State of New Mexico and the Oil Conversation Division</u>**<br>William G., Grantham<br>Esther C. Jamison<br>Assistant Attorney Generals<br>Environmental Protection Division<br>408 Galisteo Street<br>Santa Fe, NM 87501<br>wgrantham@nmdoj.gov<br>ejamison@nmdoj.gov |
| **<u>Chapter 7 Trustee</u>**<br>Herbert C. Shelton, II<br>Hayward PLLC<br>7600 Burnet Rd., Suite 530<br>Austin, TX 78757<br>cshelton@haywardfirm.com | **<u>New Mexico Oil Conversation Division</u>**<br>Jessee K. Tremaine<br>Michael Hall<br>Assistant General Counsel<br>Oil Conservation Division<br>Energy, Minerals and Natural Resources Department<br>1220 South S. Francis Dr.<br>Santa Fe, NM 87505<br>jessek.tremaine@emnrd.nm.gov |
| **<u>Midland Central Appraisal District</u>**<br>Julie Ann Parsons<br>McCreary Veselka Bragg & Allen, P.C.<br>PO Box 1269<br>Round Rock, TX 78680<br>jparsons@mcbalaw.com | **<u>Midland County</u>**<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P<br>PO Box 817<br>Lubbock, TX 79408<br>lmbkr@pbfcm.com |
| **<u>New Mexico State Land Office</u>**<br>Lynn Hamilton Butler<br>Husch Blackwell<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>lynn.butler@huschblackwell.com | |

/s/ *Beau Butler*

Beau H. Butler