**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA OPERATING COMPANY, LLC | 24-70194 (SMR) |
| Debtor. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO CHAPTER 7**
**TRUSTEE'S MOTION TO APPROVE SALE OF CERTAIN**
**OIL AND GAS LEASES AND RELATED PROPERTY**

**[Related to Docket No. 93]**

Chevron U.S.A. Inc. and Chevron Midcontinent, L.P.; XTO Holdings, LLC; ConocoPhillips Company, Concho Oil & Gas LLC, COG Operating LLC, Marathon Oil Co., and Marathon Oil Permian LLC; OXY USA Inc., Anadarko E&P Onshore LLC, Anadarko Petroleum Corporation, Kerr-McGee Oil & Gas Onshore, Limited Partnership, OXY USA WTP Limited Partnership, Occidental Permian Limited Partnership, OXY Y-1 Company; Coterra Energy and Magnum Hunter Production Co.; and Legacy Reserves Operating LP (collectively, the "Non-Debtor Parties"), creditors in the above-captioned case, file this limited objection and reservation of rights (this "Limited Objection") to the *Motion to Approve Sale of Certain Oil and Gas Leases and Related Property* [Docket No. 93] (the "Motion")[1] filed by the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), and in support state as follows:

**SUMMARY OF LIMITED OBJECTION**

1. The Non-Debtor Parties file this Limited Objection to the Motion to protect their rights and interests with respect to the leases and wells the Trustee proposes to sell, including

---

[1] Capitalized terms not defined in this Limited Objection have the meaning given to them in the Motion.

1

(a) ensuring all aspects of any stay relief orders entered by this Court remain in full force and effect and are unaffected by the proposed sale, including but not limited to language in such orders allowing the Non-Debtor Parties to perform such acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities regarding certain leases and wells (the "Leases & Wells") comprising in part the Access Property (defined below); (b) ensuring the Non-Debtor Parties have continued access and entrance to and over certain of the Assets, including Leases & Wells, and any other appurtenant real, personal, or other property or interests to be sold comprising the Assets (collectively, the "Access Property"), without interference or condition by the Debtor or Buyer or their successors or assigns, or third parties; and (c) requiring that Buyer is obligated to such Non-Debtor Parties for contribution for any work performed on or related to the Lease & Wells, including but not limited to work on decommissioning, remediation, reclamation, plugging, abandonment, site restoration, or other regulatory compliance activities (collectively, "Work"), effective upon entry of any sale order.

2. Accordingly, the Non-Debtor Parties do not, generally, object to the proposed sale, provided the protective language proposed in this Limited Objection is included in any sale order.

## BACKGROUND

### A. The Bankruptcy Cases

3. On December 27, 2024 ("Petition Date"), the Debtor commenced the above-captioned bankruptcy case (this "Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of title 11 of the United State Code (the "Bankruptcy Code").

4. Also on December 27, 2024, Acacia Resources, LLC commenced Case No. 24-70195 (SMR) by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

### B.     The Debtor's Operations

5.     Prior to the Petition Date, the Debtor was a private oil and gas operating company engaged in the acquisition, ownership, development, and/or production of oil and natural gas, and operation of oil and gas interests.

6.     The Debtor purchased its oil and gas interests out of the bankruptcy case filed by Remnant Oil Company, LLC ("Remnant Oil") in this Court's Midland Division, Case No. 19-70106, pursuant to the *Amended Order Granting Motion of Ronald Ingalls, Chapter 7 Trustee to Sell Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (Oil and Gas Interests)* entered June 30, 2020 [Docket No. 452] (the "Remnant Sale Order"). Remnant Oil acquired its interests from certain non-debtor parties, as discussed below.

7.     The Debtor's operations were (and remain) subject to demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests, including the New Mexico State Land Office (the "SLO"), the Bureau of Land Management ("BLM"), and the New Mexico Oil Conservation Division (the "OCD").

### C.     The Non-Debtor Parties

8.     Certain non-debtor parties, including the Non-Debtor Parties, are lessees of record with the SLO and/or BLM on various leases containing wells owned and operated by the Debtor pre-petition, and where the Debtor is recognized by OCD as the "operator of record".

9.     In some instances, the records with SLO, BLM, and/or OCD do not recognize the Debtor as the lessee or the owner and/or operator of record, even though it actively owned and operated the oil and gas interests it purchased from Remnant Oil pursuant to the Remnant Sale Order.

3

10.     In yet other instances, the records of SLO, BLM and/or OCD may show that the Debtor is lessee of record where the Non-Debtor Parties own other interests, such as operating rights.

### D.     Regulatory Matters

11.     The Debtor failed to perform numerous regulatory obligations imposed by SLO, BLM, and/or OCD before the Petition Date, and such obligations remain unperformed.

12.     As a result, the regulatory agencies are looking to the Non-Debtor Parties to perform certain work associated with the Debtor's ownership and operation of its oil and gas interests including, for example, plugging and abandonment of wells, remediation of spills, leaks, and discharges, removal of roads and power lines, removal of abandoned equipment, and other regulatory compliance activities.

### E.     Stipulated Relief from Stay

13.     The Trustee, together with respective Non-Debtor Parties, filed motions seeking approval of stipulations, under Bankruptcy Code Section 362(d), for purposes of granting the Non-Debtor Parties, *inter alia*, relief from the automatic stay (to the extent applicable), including but not limited to for the purpose of accessing and entering upon and across certain oil and gas leases and performing any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests (collectively, the "Stay Relief Motions"). Undersigned counsel and the Trustee continue to enter into additional stipulations and file additional Stay Relief Motions as additional non-debtor parties work to respond to demands, orders, or obligations imposed by governmental regulatory authorities.

14.     The Court entered its respective *Orders (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* at Docket Nos. 54, 55, 70, 71,

4

90, 91, 92 (collectively, the "Stay Relief Orders"). The Trustee and undersigned counsel continue to cooperate with respect to further stipulations and requests for entry of stay relief orders (*e.g.,* Docket No. 125) so that other similarly situated non-debtor parties can prepare for and engage in work with respect to the Leases & Wells, including leases and wells, consistent with Stay Relief Orders entered to date.

## PROPOSED SALE

15. On March 3, 2026, the Trustee filed his Motion seeking approval to sell the Assets to American Energy Resources, LLC (the "Buyer") pursuant to a Purchase and Sale Agreement dated February 5, 2026, between the Trustee and Buyer (the "PSA").

16. Among the Assets to be sold are the Leases & Wells related to the Work which the Non-Debtor Parties are or may be performing, as described in the Stay Relief Motions and Stay Relief Orders, and the respective "Schedule 1" attached to each Stay Relief Order.

## LIMITED OBJECTION

17. The Non-Debtor Parties do not, generally, object to the proposed sale; however, they file this Limited Objection to protect their rights and interests with respect to the Leases & Wells and other Access Property the Trustee proposes to sell, including ensuring Work and any and all associated entry and access, can continue without interference or condition, and their right to seek contribution from the Buyer and its successors and assigns for Work performed on or related to the Leases & Wells and other Access Property after entry of any order approving the sale. These concerns are equally applicable to other similarly situated non-debtor parties who in the future will seek entry of stay relief orders to perform work with respect to leases and wells.

18. The Non-Debtor Parties are currently engaged in preparations and/or activities responsive to the regulatory authorities' directives or may be engaged in such preparations and/or activities in the future, and continued unimpeded right to entrance, access to,

and across the Access Property to continue certain work that is or may be necessary or appropriate, consistent with certain requirements of the demands, orders, or obligations that may be imposed by governmental regulatory authorities, and the authority granted by Stay Relief Orders.[2] Without appropriate post-sale order protections, the Non-Debtor Parties' access to and work in connection with the Leases & Wells could be interfered with or subject to monetary or non-monetary conditions imposed by the Buyer, or its successors or assigns, or third parties.

19. In addition, any sale should be conditioned on the Buyer, and its successors and assigns, being obligated to the applicable Non-Debtor Party for contribution for any work performed with respect to the Leases & Wells, with such contribution obligation effective upon entry of any sale order. If the Non-Debtor Parties perform any Work on or related to the Leases & Wells, such Work could arise from the Debtor's and/or Buyer's failure to perform its regulatory obligations imposed by SLO, BLM, and/or OCD—obligations which may remain depending on circumstances of the Non-Debtor Party after the Court approves the sale. It would be inequitable for the Buyer to purchase the Assets and not be responsible to the extent that any costs are incurred by the Non-Debtor Parties related to the Leases & Wells. Bankruptcy Code Section 363 does not absolve the Buyer from environmental, decommissioning, remediation, reclamation, plugging, abandonment, site restoration, or other regulatory compliance obligations associated with the Leases & Wells, and upon the Court's entry of any sale order, the Buyer should be obligated to contribute to those costs.

---

[2] Paragraph 4(a) of the Stay Relief Orders provides: "Except for the relief granted in this Order, and notwithstanding the Motion, the Stipulation, the relief granted in this Order, and any actions taken pursuant to this Order, nothing in this Order shall (a) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, . . ."

**REQUESTED LANGUAGE FOR INCLUSION IN SALE ORDER**

20.     To address the issues raised in this Limited Objection, including protecting all Non-Debtor Parties' rights and interests with respect to the Leases & Wells and other Access Property and the sale, the Non-Debtor Parties request insertion of the following language into any order approving any sale of assets in this Bankruptcy Case:

"Notwithstanding anything to the contrary in this Sale Order, the Purchase and Sale Agreement between Trustee (as Seller) and Buyer (as may be modified), and any plan confirmed in the event this Chapter 7 case is converted to a case under Chapter 11 (including any orders related to any sale or any order confirming any such plan (including, with respect to each of the foregoing, any schedules, attachments, exhibits, or other documents referenced therein) (collectively, the "Sale Documents") (this paragraph shall govern and shall control to the extent of any inconsistencies): (a) the rights and interests of Chevron U.S.A. Inc. and Chevron Midcontinent, L.P.; XTO Holdings, LLC; ConocoPhillips Company, Concho Oil & Gas LLC, COG Operating LLC, Marathon Oil Co., and Marathon Oil Permian LLC; OXY USA Inc., Anadarko E&P Onshore LLC, Anadarko Petroleum Corporation, Kerr-McGee Oil & Gas Onshore, Limited Partnership, OXY USA WTP Limited Partnership, Occidental Permian Limited Partnership, OXY Y-1 Company; Coterra Energy and Magnum Hunter Production Co.; Legacy Reserves Operating LP; and other similarly situated non-debtor parties obtaining stay relief (collectively, the "Non-Debtor Parties") under any of this Court's orders granting the Non-Debtor Parties relief from the automatic stay pursuant to 11 U.S.C. § 362(d) shall remain in full force and effect; (b) the respective Non-Debtor Parties shall have continued access and entrance to and over the respective leases and wells (the "Leases & Wells"), and any other appurtenant real, personal, or other property or interests to be sold comprising the Assets (collectively, the "Access Property") approved for sale pursuant to this Order without interference or condition by the Debtor or Buyer or their successors or assigns, or any third party (without limiting the right or authority of any regulatory agency or altering any requirements necessary to obtain a grant of access over Federal or state land); and (c) effective upon entry of this Sale Order, Buyer and its successors and assigns are obligated to each of the respective Non-Debtor Parties for contribution related to the respective Leases & Wells, including contribution for past or future costs for any and all work performed on or related to the Leases & Wells, including but not limited to work on decommissioning, remediation, reclamation, plugging, abandonment, site restoration,

or other regulatory compliance activities (collectively, "Work"), including reimbursement to the respective Non-Debtor Parties for such Work performed by such Non-Debtor Party on, in connection with, or related to the Leases & Wells and any other property or interests sold to Buyer. Nothing in this Order shall be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, or obligation with respect to any property or interest of the Debtor or its estate, including but not limited to the Leases & Wells. This provision shall survive any dismissal of or abandonment in this Bankruptcy Case."

## RESERVATION OF RIGHTS

21.     The Non-Debtor Parties reserve and preserve all rights as to any proposed sale by the Trustee, including with respect to the proposed sale of the Assets or proposed assumption and/or assignment of any Assets comprised of leases to the extent such leases are unexpired leases under Bankruptcy Code Section 365, including any cure amount and adequate assurance of future performance in connection with any proposed assignment. Nothing in this Limited Objection constitutes a waiver by any of the Non-Debtor Parties of any and all of their rights, remedies, defenses, claims, interests, or privileges under the Bankruptcy Code and Rules, applicable non-bankruptcy law, any contractual rights, or any of the Non-Debtor Parties' procedural, substantive, equitable, or other rights, remedies, claims, defenses, interests, or privileges in connection with the Leases, all of which are hereby expressly reserved and preserved. The Non-Debtor Parties reserve the right to amend, modify, or supplement this Limited Objection at any time, including at any hearing(s) on the Motion or other sale.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Non-Debtor Parties respectfully request that (i) any order granting the Motion and approving any sale of estate assets include the protective language proposed in this Limited Objection; and (ii) the Court grant the Non-Debtor Parties such other relief as the Court deems just and proper.

8

DATED: April 3, 2026

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/ Matthew J. Ochs*
Matthew J. Ochs (admitted *pro hac vice*)
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

**HOLLAND & HART LLP**

*/s/ Robert Sutphin, Jr.*
Robert Sutphin, Jr. (*pro hac vice* pending)
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com

*Attorneys for Chevron U.S.A. Inc. and Chevron Midcontinent, L.P.; XTO Holdings, LLC; ConocoPhillips Company, Concho Oil & Gas LLC, COG Operating LLC, Marathon Oil Co., and Marathon Oil Permian LLC; OXY USA Inc., Anadarko E&P Onshore LLC, Anadarko Petroleum Corporation, Kerr-McGee Oil & Gas Onshore, Limited Partnership, OXY USA WTP Limited Partnership, Occidental Permian Limited Partnership, OXY Y-1 Company; Coterra Energy and Magnum Hunter Production Co.; and Legacy Reserves Operating LP*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 3, 2026, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service thereby.

*/s/ Matthew J. Ochs*
Matthew J. Ochs
