**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 7** |
| **ACACIA OPERATING COMPANY,** | § | |
| **LLC,** | § | **Case No. 24-70194-SMR** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |
| **IN RE:** | § | |
| | § | **Chapter 7** |
| **ACACIA RESOURCES, LLC,** | § | |
| | § | **Case No. 24-70195-SMR** |
| | § | |
| **Debtor.** | § | |

**THE STATE OF NEW MEXICO'S REPLY TO THE GILMORE PARTIES' RESPONSE TO THE STATE OF NEW MEXICO'S MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 (d)(1)**

**COMES NOW** the Attorney General of New Mexico on behalf of the State of New Mexico and the Oil Conservation Division ("OCD") of the New Mexico Energy, Minerals and Natural Resources Department (collectively, "New Mexico" or "the State"), and file this *Reply to the Gilmore Parties' Response to the State of New Mexico's Motion to Lift the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* ("Motion") and shows as follows:

## I. OVERVIEW

As set out in the Trustee's Limited Objections, the Trustee does not oppose the relief requested in the State's Motion for Relief of the Automatic Stay and does not oppose allowing the litigation to move forward in the State of New Mexico. As to the Trustee's earmarking the Estate's causes of action contained in the New Mexico lawsuit, the State and the Trustee have been in continuous settlement communications, and the State believes a 9019 Motion should be on file by week's end,

settling the remaining matters. Finally, as set out fully below, the State denies that it willfully violated the automatic stay, and, *assuming arguendo* that it did, the Gilmore Parties are not entitled to their reasonable attorneys' fees and costs for any of their filings in this case because they either lack standing to bring a 362(k) action, or have not been injured in their capacity as a purported pre-petition creditor so as to be able to seek such fees and costs.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. ARGUMENT

2. The State denies that it has willfully violated the stay. The State discussed the State Court filing with the Trustee, and the Trustee was in agreement with the filing. The filing preserved the statute of limitations for the Trustee, and once filed, the lawsuit was immediately abated until this Court was able to rule on the State's *Motion to Determine Inapplicability of the Automatic Stay*. Since that time, the State has filed a *Motion for Relief from Stay*, and a 9019 Settlement Agreement between the Trustee and the State should be filed by week's end.

3. As this Court is aware, a true stay violation infringes upon another creditor's rights or takes away property that belongs to the estate. Neither of these are happening in this case. The State filed the State Court suit to preserve the Trustee's rights to the Estates' causes of action.

4. Without the knowledge and legal ability of the State, the Trustee would not have been in a position to easily bring the lawsuit, and at no time has the State attempted to usurp the causes of action that belong to the Estates.

5.   Due to the plugging, remediation, and fines and penalties accruing because of the oil and gas wells at issue, both of these bankruptcy estates are administratively insolvent. This State Court lawsuit is the only chance that any real money will be brough into these Estates.

6.   The automatic stay provides debtors with a breathing space and protects pre-petition creditors from the proverbial "run on the bank" in an attempt to get ahead of other creditors.[1] The automatic stay was not designed to protect potential defendants who also happen to be creditors of the estate.[2]

7.   In fact, the only injuries that a pre-petition creditor has standing to assert are those that are allegedly suffered "as [a] *prepetition credito[r]* of [the Debtor]." In addition, these injuries must be caused "by" the alleged conduct that actually violated the automatic stay.[3]

8.   Further, "actions designed merely to maintain or preserve the *status quo* are generally held not to constitute violations of the stay."[4]

9.   For a creditor to prove a violation of the stay, he must "allege an injury [from the alleged stay violation] in his capacity as a creditor of the estate rather than in some other capacity."[5]

10. Next, the creditor "must assert a claim for his own direct injury and not a claim that belongs to the estate. 'If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim.'"[6]

---

[1] *See In re Flack*, 239 B.R. 155, 162 (Bankr. S.D. Ohio 1999).
[2] *See In re Ampal-Am. Isr. Corp.*, 502 B.R. 361, 373 (Bankr. S.D.N.Y. 2013).
[3] *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 688 (N.D. Tex. 2015) (*citing In re Labuzan*, 579 F.3d 533, 545 (5th Cir. 2009)).
[4] *In re Medina*, 413 B.R. 583, 595 (Bankr. W.D. Tex. 2009) (Internal citations omitted).
[5] *In re Ampal-Am. Isr. Corp.*, 502 B.R. 361, 371 (Bankr. S.D.N.Y. 2013).
[6] *Id*. (*citing In re Lubazan*, 579 F.3d at 545, and *St. Paul Fire & Marine Ins. Co. v. PepsiCo., Inc.*, 884 F.2d 688, 701 (2d Cir. 1989).

11. "The typical example of a claim that satisfies these prudential limitations involves a violation of the stay that impairs a pre-petition secured creditor's interest in specific property of the estate."[7]

12. Further, an attorney must identify actual damages incurred by the stay violation that occurred *before* the filing of the motion, and if he cannot, "then the attorney should not [have] file[d] the motion in the first place. As one court observed: '… [t]he unnecessary escalation of a matter of somewhat limited consequence which could have been resolved by much less lawyering does not make economic or emotional sense. Such escalation creates damages, magnifies costs, and burdens the system. More significantly, such efforts reveal a lack of perspective.'"[8]

13. Not only should the damage be preceded by the filing of the complaint, ". . . there can be no award for attorneys' fees without a finding of actual damage."[9]

14. "[A]n 'excessively litigious approach' to violations of the automatic stay that do not cause damages in an[d] of themselves must be guarded against."[10]

15. "Accordingly, the Court may properly decline to award attorneys' fees and costs incurred in connection with the prosecution of a willful stay violation where the only damages incurred by the injured party are the legal fees and costs incurred in bringing the motion."[11]

---

[7] *Id.*

[8] *In re Newell,* 117 B.R. 323, 325 (Bankr. S.D.Ohio 1990).

[9] *Jones v. FFIF-AMC Opportunity Fund, LLC*, No. 15-2761, 2016 U.S. Dist. LEXIS 81088, at *6-7 (W.D. La. June 21, 2016).

[10] *In re Ampal-Am. Isr. Corp.*, 502 B.R. 361, 374-75 (Bankr. S.D.N.Y. 2013) (*citing Yarinsky v. Saratoga Springs Plastic Surgery, PC* (*In re Saratoga Springs Plastic Surgery, PC*), No. 1:03CV896, 2005 U.S. Dist. LEXIS 2046, 2005 WL 357207, at *5 n.4 (N.D.N.Y. Feb. 11, 2005), *aff'd*, 172 F. App'x 339 (2d Cir. 2006); *accord Sturman*, 2011 U.S. Dist. LEXIS 109599; 2011 WL 4472412, at *3, *Prusan*, 495 B.R. at 208; *In re Beebe*, 435 B.R. 95, 101 (Bankr. N.D.N.Y. 2010).

[11] *Id.* (*citing Sturman*, 2011 U.S. Dist. LEXIS 109599, 2011 WL 4472412, at *4; *Beebe*, 435 B.R. at 101.).

16. As fully set out in the State's *Reply in Support of Its Motion to Determine Inapplicability of the Automatic Stay*, which is incorporated herein by reference, the majority of the Gilmore Parties do not have standing to be heard in this bankruptcy case. While Cibolo is a purported pre-petition creditor of the Debtors, their request for attorneys' fees and costs still fail because they cannot show that before the filing of their motion regarding the purported stay violation, they suffered any actual damages by the filing of the State Court complaint.

17. If the Trustee and the State are successful in the State Court lawsuit, it will bring money into the bankruptcy estate that may be available to pay Cibolo's purported claim.

18.  The purported "stay violation" of which Cibolo complains is a very general one, and, as such actually belongs to the Trustee to bring; however, the Trustee is in agreement with the State and does not complain of any stay violation.

19. Therefore, any request for attorneys' fees and costs should be denied.

## CONCLUSION

WHEREFORE, the State prays that the Court enters an order denying the Gilmore Parties' request and for any other relief to which the Court finds the State entitled.

DATED: May 11, 2026,

Respectfully submitted,

*/s/Abigail R. Ryan*
Abigail R. Ryan
Bankruptcy Counsel
National Association of Attorneys General
1850 M Street NW, 12th Floor
Washington, DC 20036
aryan@naag.org

5

*/s/ Esther C. Jamison*

Raúl Torrez
Attorney General
William G. Grantham
Esther C. Jamison
Assistant Attorneys General
Environment Protection Division
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 11, 2026, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service.

*/s/ Abigail R. Ryan*
Abigail R. Ryan
Bankruptcy Counsel
National Association of Attorneys General