**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ACACIA OPERATING COMPANY, LLC | ) | Case No. 24-70194-SMR |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR
ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7
TRUSTEE AND THE NEW ERA DEFENDANTS**

CAME ON for consideration the *Motion Pursuant to Bankruptcy Rule 9019 for Entry of Order Approving Settlement Between the Chapter 7 Trustee and the New Era Defendants* (the "Motion") filed by Ron Satija, the Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "Trustee") seeking approval pursuant to Federal Rule of Bankruptcy Procedure 9019 of the New Era Settlement Agreement attached as Exhibit A to the Motion (the "New Era Settlement Agreement").

The Court, after due deliberation and consideration of the pleadings, evidence, and arguments as well as the pleadings, evidence, and arguments of any opposition, finds that the Motion should be granted as set forth herein.

Accordingly, the Court:

**FINDS** that the New Era Settlement Agreement satisfies the factors set forth in *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980), and is fair, equitable, and in the best interest of the estate; the Court further

**FINDS** that the proposed amount of the recovery to the bankruptcy estate for Acacia Resources, LLC to be paid by the New Era Defendants is appropriate under the facts and circumstances of the case; the Court further

**FINDS** that notwithstanding the approval of the settlement payment amount by the New Era Defendants, any proposed allocation of the settlement payment to New Mexico is disallowed and any provision of the New Era Settlement Agreement related thereto is stricken from Exhibit A to the Motion.

Accordingly, based on the foregoing recitations and findings, it is hereby:

**ORDERED** that the New Era Settlement Agreement attached as Exhibit A to the Motion is approved; it is further

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall be construed to release, bar, impair, or prejudice any claims, rights, or causes of action held by any person or entity other than the Trustee, the Acacia Operating Company, LLC and Acacia Resources, LLC bankruptcy estates, or the State of New Mexico, against any of the New Era Defendants or their Related Parties, including without limitation claims for contribution, indemnification, reimbursement, unjust enrichment, or any other cause of action; it is further

**ORDERED** that the release set forth in Section 1.3 of the New Era Settlement Agreement extends only to Estate Claims[1] that belong to the Trustee or the bankruptcy estates of Acacia Operating Company, LLC, and Acacia Resources, LLC and does not release, bar, or impair any non-Estate Claims that belong to any person or entity other than the Trustee or the bankruptcy estates of Acacia Operating Company, LLC, and Acacia Resources, LLC including without limitation any claims for contribution, indemnification, or reimbursement held by parties who have incurred costs in plugging wells, remediating contamination, or performing other environmental work on or relating to the Debtors' wells, leases, or facilities; it is further

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall preclude any party in interest from asserting an administrative expense claim under Bankruptcy Code Section 503(b)(1)(A) for actual, necessary costs incurred in preserving estate property, including expenditures for plugging wells, remediating contamination, or restoring land associated with the Debtors' oil and gas operations, and the Trustee shall not seek dismissal of the Debtors' bankruptcy cases until any timely-filed administrative expense claims have been adjudicated or otherwise resolved by agreement of the parties; it is further

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall preclude any party in interest or any non-party from: (i) seeking to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issuing subpoenas to the State of New Mexico, the Oil Conservation

---

[1] As defined in section 1.5 of the New Mexico Settlement, "Estate Claims" means: "the claims asserted in the State Action that the Parties have agreed constitute property of the bankruptcy Estates under 11 U.S.C. § 541(a) and that will be controlled, settled, released, dismissed, and allocated as Estate Claims, specifically: (a) Counts II and III for alleged violations of the UVTA; (b) Count VI for unjust enrichment, to the extent based on or derivative of the alleged transfers or transactions underlying Counts II and III; (c) Count VII for civil conspiracy, solely to the extent based on alleged conspiracy to commit UVTA violations; and (d) Count XI for veil piercing or alter ego liability with respect to Solis Partners, LLC, Pecos Slope Holdings, LLC, and Everett Willard Gray II, to the extent based on or derivative of the foregoing claims. Estate Claims also include any claims, rights, remedies, or causes of action owned, held, or controlled by the Trustee or the Estates under 11 U.S.C. sections 541 or 544 arising out of the same facts or transactions as the claims identified in this Section 1.5, except as provided in Section 1.6."

Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtaining through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Era Defendants. For the avoidance of doubt, nothing in the New Era Settlement Agreement or this Order shall be construed to create any right or authority for any party in interest or any non-party to: (i) seek to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issue subpoenas to the State of New Mexico, the Oil Conservation Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtain through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Era Defendants; it is further,

**ORDERED** that Section 2.3 of the New Era Settlement Agreement is binding only upon the parties to that agreement, and nothing in that provision or in this Order shall be construed to prohibit any non-party from independently establishing, through admissible evidence in a separate proceeding, facts relating to the conduct of the New Era Defendants, Everett Willard Gray II, or any other party with respect to the Debtors' assets, wells, leases, or environmental obligations; it is further,

**ORDERED** that the UVTA claims and other Estate Claims have been fully satisfied by the New Era Settlement, and no further recovery on those claims may be sought against any party; it is further,

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall affect any claims for breach or damages of any agreements, including confidentiality obligations; it is

further,

**ORDERED** that no information obtained in breach or violation of any confidentiality obligations may be used as evidence or for any other purpose against any non-settling parties in the State Court litigation; it is further,

**ORDERED** that any recovery on Estate Claims shall be distributed in accordance with the Bankruptcy Code, including in particular 11 U.S.C. § 726, and for the avoidance of doubt, Cibolo Energy's allowed secured claim shall be satisfied before any distribution to unsecured creditors; it is further,

**ORDERED** that, notwithstanding any provision in the New Era Settlement Agreement or this Order, the rights of non-settling parties under pre-existing agreements are fully preserved, including for the avoidance of doubt all rights under any pre-existing agreements; it is further,

**ORDERED** that to the extent any other agreement approved by the Court conflicts with the New Era Settlement Agreement, the terms of the New Era Settlement Agreement shall control; it is further,

**ORDERED** that this Court retains jurisdiction related to enforcement or interpretation of this Order.

### END OF ORDER ###

Prepared By:

**JACKSON WALKER LLP**

*/s/ Jennifer F. Wertz*
Jennifer F. Wertz (TX Bar No. 24072822)
Beau H. Butler (TX Bar No. 24132535)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: (512) 236-2000
Email: jwertz@jw.com
Email: bbutler@jw.com

**JACKSON WALKER LLP**
Robert L. Soza, Jr. (TX Bar No. 18869300)
Reagan M. Marble (TX Bar No. 24087971)
Brandon Durrett (TX Bar No. 24061059)
Robert M. Biedrzycki (TX Bar No. 24111174)
1900 Broadway, Suite 1200
San Antonio, TX 78215
Telephone: (210) 978-7000
Email: rsoza@jw.com
Email: rmarble@jw.com
Email: bdurrett@jw.com
Email: bbiedrzycki@jw.com

*Counsel to Marquis Reed Gilmore Jr, Gilmore Oil & Gas, LP,*
*Bluebird Energy Corporation, and Cibolo Energy*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **Chapter 7** |
| | § | |
| **ACACIA OPERATING COMPANY, LLC,** | § | **Case No. 24-70194-SMR** |
| | § | |
| | § | |
| | § | |
| **Debtor.** | | |

**ORDER GRANTING MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 <u>TRUSTEE AND THE NEW ERA DEFENDANTS</u>**

CAME ON for consideration the *Motion Pursuant to Bankruptcy Rule 9019 for Entry of Order Approving Settlement Between the Chapter 7 Trustee and the New Era Defendants* (the "<u>Motion</u>") filed by Ron Satija, the Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "<u>Trustee</u>") seeking approval pursuant to Federal Rule of Bankruptcy Procedure 9019 of the <u>New Era</u> Settlement Agreement attached as Exhibit A to the Motion. <u>(the "New Era Settlement Agreement").</u>

---

The Court, after due deliberation and consideration of the pleadings, evidence, and arguments as well as the pleadings, evidence, and arguments of any opposition, finds that the Motion should be granted as set forth herein.

Accordingly, the Court:

**FINDS** that the New Era Settlement Agreement satisfies the factors set forth in ~~in~~In re *Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980), and is fair, equitable, and in the best interest of the estate; the Court further

**FINDS** that the proposed ~~division~~amount of the recovery ~~namely, $650,000~~ to the bankruptcy estate for Acacia Resources, LLC ~~and $350,000~~ to be paid by the ~~State of~~ New ~~Mexico~~ Era Defendants is appropriate under the facts and circumstances of the case~~.~~; the Court further

**FINDS** that notwithstanding the approval of the settlement payment amount by the New Era Defendants, any proposed allocation of the settlement payment to New Mexico is disallowed and any provision of the New Era Settlement Agreement related thereto is stricken from Exhibit A to the Motion.

Accordingly, based on the foregoing recitations and findings, it is hereby:

**ORDERED** that the New Era Settlement Agreement attached as Exhibit A to the Motion is approved; it is further

**ORDERED** that nothing in the ~~proposed division~~New Era Settlement Agreement or this Order shall be construed to release, bar, impair, or prejudice any claims, rights, or causes of action held by any person or entity other than the ~~recovery namely, $650,000 to~~ Trustee, the ~~bankruptcy estate for~~ Acacia Operating Company, LLC and Acacia Resources, LLC ~~and $350,000 to~~ bankruptcy estates, or the State of New Mexico ~~is approved~~, against any of the New Era Defendants or their Related Parties, including without limitation claims for contribution,

indemnification, reimbursement, unjust enrichment, or any other cause of action; it is further

**ORDERED** that the release set forth in Section 1.3 of the New Era Settlement Agreement extends only to Estate Claims[1] that belong to the Trustee or the bankruptcy estates of Acacia Operating Company, LLC, and Acacia Resources, LLC and does not release, bar, or impair any non-Estate Claims that belong to any person or entity other than the Trustee or the bankruptcy estates of Acacia Operating Company, LLC, and Acacia Resources, LLC including without limitation any claims for contribution, indemnification, or reimbursement held by parties who have incurred costs in plugging wells, remediating contamination, or performing other environmental work on or relating to the Debtors' wells, leases, or facilities; it is further

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall preclude any party in interest from asserting an administrative expense claim under Bankruptcy Code Section 503(b)(1)(A) for actual, necessary costs incurred in preserving estate property, including expenditures for plugging wells, remediating contamination, or restoring land associated with the Debtors' oil and gas operations, and the Trustee shall not seek dismissal of the Debtors' bankruptcy cases until any timely-filed administrative expense claims have been adjudicated or otherwise resolved by agreement of the parties; it is further

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall preclude any party in interest or any non-party from: (i) seeking to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issuing subpoenas to the State of New Mexico, the Oil Conservation

---

[1] As defined in section 1.5 of the New Mexico Settlement, "Estate Claims" means: "the claims asserted in the State Action that the Parties have agreed constitute property of the bankruptcy Estates under 11 U.S.C. § 541(a) and that will be controlled, settled, released, dismissed, and allocated as Estate Claims, specifically: (a) Counts II and III for alleged violations of the UVTA; (b) Count VI for unjust enrichment, to the extent based on or derivative of the alleged transfers or transactions underlying Counts II and III; (c) Count VII for civil conspiracy, solely to the extent based on alleged conspiracy to commit UVTA violations; and (d) Count XI for veil piercing or alter ego liability with respect to Solis Partners, LLC, Pecos Slope Holdings, LLC, and Everett Willard Gray II, to the extent based on or derivative of the foregoing claims. Estate Claims also include any claims, rights, remedies, or causes of action owned, held, or controlled by the Trustee or the Estates under 11 U.S.C. sections 541 or 544 arising out of the same facts or transactions as the claims identified in this Section 1.5, except as provided in Section 1.6."

Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtaining through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Era Defendants. For the avoidance of doubt, nothing in the New Era Settlement Agreement or this Order shall be construed to create any right or authority for any party in interest or any non-party to: (i) seek to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issue subpoenas to the State of New Mexico, the Oil Conservation Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtain through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Era Defendants; it is further

**ORDERED** that Section 2.3 of the New Era Settlement Agreement is binding only upon the parties to that agreement, and nothing in that provision or in this Order shall be construed to prohibit any non-party from independently establishing, through admissible evidence in a separate proceeding, facts relating to the conduct of the New Era Defendants, Everett Willard Gray II, or any other party with respect to the Debtors' assets, wells, leases, or environmental obligations; it is further

**ORDERED** that the UVTA claims and other Estate Claims have been fully satisfied by the New Era Settlement, and no further recovery on those claims may be sought against any party; it is further

**ORDERED** that nothing in the New Era Settlement Agreement or this Order shall affect any claims for breach or damages of any agreements, including confidentiality obligations; it is further

**ORDERED** that no information obtained in breach or violation of any confidentiality obligations may be used as evidence or for any other purpose against any non-settling parties in the State Court litigation; it is further

**ORDERED** that any recovery on Estate Claims shall be distributed in accordance with the Bankruptcy Code, including in particular 11 U.S.C. § 726, and for the avoidance of doubt, Cibolo Energy's allowed secured claim shall be satisfied before any distribution to unsecured creditors; it is further

**ORDERED** that, notwithstanding any provision in the New Era Settlement Agreement or this Order, the rights of non-settling parties under pre-existing agreements are fully preserved, including for the avoidance of doubt all rights under any pre-existing agreements; it is further

**ORDERED** that to the extent any other agreement approved by the Court conflicts with the New Era Settlement Agreement, the terms of the New Era Settlement Agreement shall control; it is further

**ORDERED** that this Court retains jurisdiction related to ~~interpretation of~~ enforcement or interpretation of this Order.

### END OF ORDER ###

Order Prepared By:

**HAYWARD PLLC**

*/s/Charlie Shelton/*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
Email: cshelton@haywardfirm.com

***Counsel for the Chapter 7 Trustee***

55456332v.12 172601/00001