**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ACACIA OPERATING COMPANY, LLC, | ) | Case No. 24-70194-SMR |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING AMENDED MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND THE STATE OF NEW MEXICO AND THE OIL CONSERVATION DIVISION OF THE NEW MEXICO ENERGY, MINERALS AND NATURAL RESOURCES DEPARTMENT**

CAME ON for consideration the *Amended Motion Pursuant to Bankruptcy Rule 9019 for Entry of Order Approving Settlement Between the Chapter 7 Trustee and the State of New Mexico and the Oil Conservation Division of the New Mexico Energy, Minerals and Natural Resources Department* (the "Motion") filed by Ron Satija, the Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "Trustee") and the State of New Mexico, by and through Attorney General Raúl Torrez, and the Oil Conservation Division ("OCD") of the New Mexico Energy,

Minerals and Natural Resources Department (collectively, "New Mexico" or "the State," and together with the Trustee, "the Parties") seeking approval pursuant to Federal Rule of Bankruptcy Procedure 9019 of the New Mexico Settlement Agreement attached as Exhibit A to the Motion.

The Court, after due deliberation and consideration of the Parties' pleadings, evidence, and arguments, as well as the pleadings, evidence, and arguments of any opposition, finds that the Motion should be granted as set forth herein.

Accordingly, the Court:

**FINDS** that the Trustee has delegated to New Mexico his authority to prosecute any Estate Claims[1] that are not settled by the Trustee. In particular, the Trustee has delegated to New Mexico his authority to prosecute the Estate Claims that are encompassed by, articulated in, or set forth in the complaint filed by New Mexico in the First Judicial District Court for the County of Santa Fe, New Mexico, Case Number D-101-CV-2025-03283, however, the Trustee retains exclusive authority to settle or resolve the Estate Claims; the Court further

**FINDS** that the New Mexico Settlement Agreement satisfies the factors set forth in *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980), and is fair, equitable, and in the best interest of the estate.

Accordingly, based on the foregoing recitations and findings, it is hereby:

**ORDERED** that the New Mexico Settlement Agreement attached as **Exhibit A** to the Motion is approved; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall be construed to release, bar, impair, or prejudice any claims, rights, or causes of action held by any

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the New Mexico Settlement Agreement attached hereto as **Exhibit A.**

person or entity other than the Trustee, the Acacia Operating Company, LLC and Acacia Resources, LLC bankruptcy estates, or the State of New Mexico including without limitation claims for contribution, indemnification, reimbursement, unjust enrichment, or any other cause of action; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall preclude any party in interest from asserting an administrative expense claim under Bankruptcy Code Section 503(b)(1)(A) for actual, necessary costs incurred in preserving estate property, including expenditures for plugging wells, remediating contamination, or restoring land associated with the Debtors' oil and gas operations, and the Trustee shall not seek dismissal of the Debtors' bankruptcy cases until any timely-filed administrative expense claims have been adjudicated or otherwise resolved by agreement of the parties; it is further

**ORDERED** that, prior to moving for dismissal of the Bankruptcy Cases, the Trustee shall provide not less than thirty (30) days' written notice to all known creditors and parties in interest, including any party that has filed a proof of claim or asserted an administrative expense claim, of the Trustee's intent to seek dismissal. The Trustee shall not move for dismissal until all timely-filed administrative expense claims under Bankruptcy Code Section 503(b) have been resolved by agreement or adjudication by the Bankruptcy Court.

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall preclude any party in interest or any non-party from: (i) seeking to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issuing subpoenas to the State of New Mexico, the Oil Conservation Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtaining through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the

State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Mexico Defendants. For the avoidance of doubt, nothing in the New Mexico Settlement Agreement or this Order shall be construed to create any right or authority for any party in interest or any non-party to: (i) seek to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issue subpoenas to the State of New Mexico, the Oil Conservation Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtain through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Mexico Defendants; it is further

**ORDERED** To the extent that any party in interest demonstrates, by motion or claim filed before dismissal, that it has incurred actual costs in plugging wells or performing remediation or restoration work that directly reduced or eliminated environmental liabilities of the Debtors' estates, the Trustee shall consider such costs in the distribution of Recovery funds consistent with applicable provisions of the Bankruptcy Code, including Bankruptcy Code Section 503(b)(1)(A), before moving for dismissal of the Bankruptcy Cases.

**ORDERED** that any funds received by the State of New Mexico that are allocated or attributable to the plugging of wells, remediation of contamination, or restoration of land on the Debtors' Leases & Wells shall be held and applied by the State exclusively for such purposes. The State shall apply such funds directly to: (i) plugging wells on the Debtors' Leases & Wells that the Debtor failed to plug prior to the Petition Date; (ii) remediating contamination and restoring land on or associated with the Debtors' Leases & Wells; and/or (iii) reimbursing parties, including the Non-Debtor Parties, who have incurred or will incur actual costs in performing plugging,

remediation, or restoration work on the Debtors' Leases & Wells that was the obligation of the Debtor. The State shall provide an accounting of the use of such funds to any party in interest upon request.

**ORDERED** that, the Court acknowledges that Section 2.3 of the New Era Settlement Agreement and Section 10 of the Trustee-State Settlement Agreement are binding only upon the parties to those respective agreements. Nothing in those provisions or in these Orders shall be construed to prohibit any non-party from independently establishing, through admissible evidence in a separate proceeding, facts relating to the conduct of the New Era Defendants, Everett Willard Gray II, or any other party with respect to the Debtors' assets, wells, leases, or environmental obligations; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall affect any claims for breach or damages of any agreements, including confidentiality obligations; it is further

**ORDERED** that no information obtained in breach or violation of any confidentiality obligations may be used as evidence or for any other purpose against any non-settling parties in the State Court litigation; it is further

**ORDERED** that notwithstanding Section 4 of the New Mexico Settlement Agreement, any recovery on Estate Claims shall be distributed in accordance with the Bankruptcy Code, including in particular 11 U.S.C. § 726, and for the avoidance of doubt, Cibolo Energy's allowed secured claim shall be satisfied before any distribution to unsecured creditors; it is further

**ORDERED** that, notwithstanding any provision in the New Mexico Settlement Agreement or this Order, the rights of non-settling parties under pre-existing agreements are fully preserved, including for the avoidance of doubt all rights under any pre-existing agreements; it is further

**ORDERED** that this Court retains jurisdiction related to interpretation of enforcement or interpretation of this Order.

### END OF ORDER ###

Prepared By:

**JACKSON WALKER LLP**

*/s/ Jennifer F. Wertz*
Jennifer F. Wertz (TX Bar No. 24072822)
Beau H. Butler (TX Bar No. 24132535)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: (512) 236-2000
Email: jwertz@jw.com
Email: bbutler@jw.com

**JACKSON WALKER LLP**
Robert L. Soza, Jr. (TX Bar No. 18869300)
Reagan M. Marble (TX Bar No. 24087971)
Brandon Durrett (TX Bar No. 24061059)
Robert M. Biedrzycki (TX Bar No. 24111174)
1900 Broadway, Suite 1200
San Antonio, TX 78215
Telephone: (210) 978-7000
Email: rsoza@jw.com
Email: rmarble@jw.com
Email: bdurrett@jw.com
Email: bbiedrzycki@jw.com

*Counsel to Marquis Reed Gilmore Jr, Gilmore Oil & Gas, LP,*
*Bluebird Energy Corporation, and Cibolo Energy*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **ACACIA OPERATING COMPANY,** | § | **Case No. 24-70194-SMR** |
| **LLC,** | § | |
| | § | |
| | § | |
| **Debtor.** | | |

**ORDER GRANTING AMENDED MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND THE STATE OF NEW MEXICO AND THE OIL CONSERVATION DIVISION OF THE NEW MEXICO ENERGY, MINERALS AND NATURAL RESOURCES DEPARTMENT**

CAME ON for consideration the *Amended Motion Pursuant to Bankruptcy Rule 9019 for Entry of Order Approving Settlement Between the Chapter 7 Trustee and the State of New Mexico and the Oil Conservation Division of the New Mexico Energy, Minerals and Natural Resources Department* (the "Motion") filed by Ron Satija, the Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "Trustee") and the State of New Mexico, by and through Attorney General Raúl Torrez, and the Oil Conservation Division ("OCD") of the New Mexico Energy,

Minerals and Natural Resources Department (collectively, "New Mexico" or "the State," and together with the Trustee, "the Parties") seeking approval pursuant to Federal Rule of Bankruptcy Procedure 9019 of the New Mexico Settlement Agreement attached as Exhibit A to the Motion.

The Court, after due deliberation and consideration of the Parties' pleadings, evidence, and arguments, as well as the pleadings, evidence, and arguments of any opposition, finds that the Motion should be granted as set forth herein.

Accordingly, the Court:

**FINDS** that the Trustee has delegated to New Mexico his authority to prosecute any Estate Claims[1] that are not settled by the Trustee. In particular, the Trustee has delegated to New Mexico his authority to prosecute ~~any claims belonging to the estate of the above-captioned debtor~~the Estate Claims that are encompassed by, articulated in, or set forth in the complaint filed by New Mexico in the First Judicial District Court for the County of Santa Fe, New Mexico, Case Number D-101-CV-2025-03283, however, the Trustee retains exclusive authority to settle or resolve the Estate Claims; the Court further

**FINDS** that the New Mexico Settlement Agreement satisfies the factors set forth in *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980), and is fair, equitable, and in the best interest of the estate.

Accordingly, based on the foregoing recitations and findings, it is hereby:

**ORDERED** that the New Mexico Settlement Agreement attached as **Exhibit A** to the Motion is approved; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall be

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the New Mexico Settlement ~~Agreement attached hereto as **Exhibit A.**~~

construed to release, bar, impair, or prejudice any claims, rights, or causes of action held by any person or entity other than the Trustee, the Acacia Operating Company, LLC and Acacia Resources, LLC bankruptcy estates, or the State of New Mexico including without limitation claims for contribution, indemnification, reimbursement, unjust enrichment, or any other cause of action; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall preclude any party in interest from asserting an administrative expense claim under Bankruptcy Code Section 503(b)(1)(A) for actual, necessary costs incurred in preserving estate property, including expenditures for plugging wells, remediating contamination, or restoring land associated with the Debtors' oil and gas operations, and the Trustee shall not seek dismissal of the Debtors' bankruptcy cases until any timely-filed administrative expense claims have been adjudicated or otherwise resolved by agreement of the parties; it is further

**ORDERED** that, prior to moving for dismissal of the Bankruptcy Cases, the Trustee shall provide not less than thirty (30) days' written notice to all known creditors and parties in interest, including any party that has filed a proof of claim or asserted an administrative expense claim, of the Trustee's intent to seek dismissal. The Trustee shall not move for dismissal until all timely-filed administrative expense claims under Bankruptcy Code Section 503(b) have been resolved by agreement or adjudication by the Bankruptcy Court.

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall preclude any party in interest or any non-party from: (i) seeking to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issuing subpoenas to the State of New Mexico, the Oil Conservation Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtaining through the Inspection of

Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Mexico Defendants. For the avoidance of doubt, nothing in the New Mexico Settlement Agreement or this Order shall be construed to create any right or authority for any party in interest or any non-party to: (i) seek to intervene in the State Action (Case No. D-101-CV-2025-03283); (ii) issue subpoenas to the State of New Mexico, the Oil Conservation Division, or any other party for documents or testimony relating to the environmental conditions of the Debtors' wells, leases, and facilities; or (iii) obtain through the Inspection of Public Records Act or other lawful means any documents or information in the possession of the State relating to the investigation, enforcement, or prosecution of claims against the Debtors or the New Mexico Defendants; it is further

**ORDERED** To the extent that any party in interest demonstrates, by motion or claim filed before dismissal, that it has incurred actual costs in plugging wells or performing remediation or restoration work that directly reduced or eliminated environmental liabilities of the Debtors' estates, the Trustee shall consider such costs in the distribution of Recovery funds consistent with applicable provisions of the Bankruptcy Code, including Bankruptcy Code Section 503(b)(1)(A), before moving for dismissal of the Bankruptcy Cases.

**ORDERED** that any funds received by the State of New Mexico that are allocated or attributable to the plugging of wells, remediation of contamination, or restoration of land on the Debtors' Leases & Wells shall be held and applied by the State exclusively for such purposes. The State shall apply such funds directly to: (i) plugging wells on the Debtors' Leases & Wells that the Debtor failed to plug prior to the Petition Date; (ii) remediating contamination and restoring land on or associated with the Debtors' Leases & Wells; and/or (iii) reimbursing parties, including the

Non-Debtor Parties, who have incurred or will incur actual costs in performing plugging, remediation, or restoration work on the Debtors' Leases & Wells that was the obligation of the Debtor. The State shall provide an accounting of the use of such funds to any party in interest upon request.

**ORDERED** that, the Court acknowledges that Section 2.3 of the New Era Settlement Agreement and Section 10 of the Trustee-State Settlement Agreement are binding only upon the parties to those respective agreements. Nothing in those provisions or in these Orders shall be construed to prohibit any non-party from independently establishing, through admissible evidence in a separate proceeding, facts relating to the conduct of the New Era Defendants, Everett Willard Gray II, or any other party with respect to the Debtors' assets, wells, leases, or environmental obligations; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall affect any claims for breach or damages of any agreements, including confidentiality obligations; it is further

**ORDERED** that no information obtained in breach or violation of any confidentiality obligations may be used as evidence or for any other purpose against any non-settling parties in the State Court litigation; it is further

**ORDERED** that notwithstanding Section 4 of the New Mexico Settlement Agreement, any recovery on Estate Claims shall be distributed in accordance with the Bankruptcy Code, including in particular 11 U.S.C. § 726, and for the avoidance of doubt, Cibolo Energy's allowed secured claim shall be satisfied before any distribution to unsecured creditors; it is further

**ORDERED** that, notwithstanding any provision in the New Mexico Settlement Agreement or this Order, the rights of non-settling parties under pre-existing agreements are fully preserved,

including for the avoidance of doubt all rights under any pre-existing agreements; it is further

**ORDERED** that this Court retains jurisdiction related to interpretation of enforcement or interpretation of this Order.

### END OF ORDER ###

Order Prepared By:

**HAYWARD PLLC**

*/s/Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
Email: cshelton@haywardfirm.com,

***Counsel for the Chapter 7 Trustee***

 -and-

*/s/ Abigail Rushing Ryan*
[E-Signed w/ Permission]
Abigail Rushing Ryan
State TX Bar No. 24035956
*Bankruptcy Counsel*
National Association of Attorneys General
1850 M Street NW, 12th Floor
Washington, DC 20036
aryan@naag.org

*/s/ Esther C. Jamison*
[E-Signed w/ Permission]
Raúl Torrez
*Attorney General*
William G. Grantham
Esther C. Jamison
*Assistant Attorneys General*
Environment Protection Division
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
ejamison@nmdoj.gov

ATTORNEYS FOR THE STATE OF NEW MEXICO
AND THE OIL CONSERVATION DIVISION OF
THE NEW MEXICO ENERGY, MINERALS, AND
NATURAL RESOURCES DEPARTMENT

55456342v.12 172601/00001