UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF TEXAS

MIDLAND DIVISION

**FILED**

**JUN 22 2026**

U.S. BANKRUPTCY COURT
BY_____DEPUTY

IN RE:

ACACIA OPERATING COMPANY, LLC     §     Chapter 7

§

§     Case No. 24-70194

§

Debtor.     §

§

§

RESPONSE AND AMENDED AND OBJECTION TO THE CHEVRON U.S.A. INC. AND CHEVRON MIDCONTINENT, L.P.; XTO HOLDINGS, LLC; CONOCOPHILLIPS COMPANY, CONCH OIL & GAS LLC, COG OPERATING LLC, MARATHON OIL CO., AND MARATHON OIL PERMIAN LLC; OXY USA INC., ANADARKO E&P ONSHORE LLC, ANADARKO PETROLEUM CORPORATION, KERR-MCGEE OIL & GAS ONSHORE, LIMITED PARTNERSHIP, OXY USA WTP LIMITED PARTNERSHIP, OCCIDENTAL PERMIAN LIMITED PARTNERSHIP, OXY Y-1 COMPANY; COTERRA ENERGY AND MAGNUM HUNTER PRODUCTION CO.; AND LEGACY RESOURCES OPERATING LP LIMITED OBJECTION AND RESERVATION OF RIGHTS TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF CERTAIN OIL AND GAS LEASES AND RELATED PROPERTY
[Related to Docket No. 93]

The undersigned respectfully submits this response and reservation of rights concerning any proposed transfer, assignment, or sale of oil and gas leases, or related assets associated with subject leases and lands and wellbores that are subject to plugging, abandonment, remediation, reclamation, contribution claims tied to existing wells and historic well and operations or other regulatory compliance obligations shall remain severed from and shall not burden, attach to, cloud, impair, or run with the retained Fee mineral estate interests in their entirety, State convertible ORRI mineral estate interests, or the Federal convertible ORRI mineral estate interests, or the reserved fee mineral estate interests, or reserved fee mineral estate development rights, or reserved state and federal development rights as a convertible ORRI of the purchaser and amend the proposed transaction, see attachment of asset list amending all NRI and100% working interests or

any others interests on state and federal subject lands to a 100% Convertible ORRI interest together with all associated rights listed on amend asset list and further rights to collect any past dues and any payments due of any kinds.
as follows:

The limited objecting parties objection is overreaching because it attempts to:

a) Impose affirmative contribution obligations on the purchaser for already predetermined and preexisting wells subject to environmental and plugging liabilities;
b) Preserve unrestricted third party access rights across conveyed assets indefinitely;
c) Create successor exposure outside the negotiated PSA; and
d) Undermine the core protection of Bankruptcy Code 363(f), including the "free and clear" structure of the transaction.

1) Purchaser American core position is that Purchaser American will acquire: ("See American attachment A")

e) Fee mineral estate interests in their entirety of any kind;
f) State and Federal leases as a Convertible Overriding Royality Interest ("ORRI").
g) Undeveloped leasehold acreage;
h) Seismic and development rights;
i) Easements necessary for future development; and
j) Production rights associated solely with future wells drilled by others or by purchaser.

2) Purchaser American is not acquiring:

k) Existing wellbores of the objecting parties of any kind;
l) Inactive wellbores of the objecting parties of any kind;
m) Orphan wellbores of the objecting parties of any kind;
n) Plugging & Abandonment obligations of the objecting parties of any kind;
o) Remediation liabilities of the objecting parties of any kind;
p) Surface restoration liabilities of the objecting parties of any kind;
q) Historical liabilities of the objecting parties of any kind;
r) Regulatory liabilities of the objecting parties of any kind;
s) Operator of record liabilities; and
t) Any successor liability arising from preclosing operations.

3) Sever and exclude the Plugging and Remediation and the obligated wellbores of any kind, and regulatory obligations from the subject lands on State and Federal and subject leases and the Fee Mineral estate and Convertible ORRI interests on all to the subject lands and leases being objected by the mentioned parties, and all liabilities arising therefrom or relating thereto.
To the extent any wells associated with or mentioned by the objecting party are inactive, non-producing, shut-in, orphaned or otherwise subject to existing or anticipated plugging and abandonment obligations imposed by applicable regulatory authorities, such wells, together with all associated wellbores, surface equipment, flowlines, pits, tanks, and appurtenant rights necessary to conduct plugging and remediation activities (collectively, the "Plugging Obligated Wells"), should be expressly severed and excluded from any conveyance of the state and federal convertible ORRI interests and fee minerals estate or leasehold estate being objected by the mentioned parties.

4) Purchaser American acquires only:
The underlying fee mineral estate, leasehold development rights, and associated executory rights to explore for and produce hydrocarbons from formations not presently penetrated by existing wellbores.
This is essential because the objecting parties are specifically aimed at tying the purchaser to obligations associated with existing wells.

5) Preserving all severed Fee minerals estate and leasehold rights and surface development rights, of any kind;

6) Preserving all state and federal leases as a Convertible Overriding Royalty Interest "ORRI";

7) Expressly reserving future development rights on Fee mineral estates; of any kind.

8) Expressly reserving future development rights of State and Federal mineral estates as a convertible option;

9) Continuing Regulatory Obligations
Nothing in any sale order, assignment, conveyance, or transfer shall relieve the current operator Acacia, and prior operators as to the objecting parties, or other

responsible parties from obligations imposed by applicable federal, state, tribal, or local law related to:

a) Plugging and abandonment;
b) Environmental remediation;
c) Reclamation and site restoration;
d) Removal of equipment or facilities;
e) Spill response; or
f) Any other regulatory compliance obligations.

The purchaser American is not liable under its purchase to any of the above mentioned issues associated with the objecting parties already committed obligated duties to wells, because the purchaser American was neither the current operator nor the prior operator at the time and in its purchase severs the state and federal estate as a Convertible ORRI and severs the Fee mineral estate from any wellbores and associated liabilities.

10) Preservation of Access Rights
All parties performing plugging, abandonment, remediation, or reclamation work shall retain continuing rights of ingress and egress over the affected leases, surface estates, easements, and associated property interests necessary to perform regulatory compliance activities without interference from any purchaser, successor, assign, or third party.

Objecting parties are limited to access by the following:

g) Temporary nonexclusive access;
h) Solely for legally mandated remediation activities;
i) Subject to reasonable coordination;
j) Subject to insurance and indemnity requirements;
k) Terminating upon completion of regulatory work.
Otherwise, the purchaser risks material impairment of future development operations.

11) Contribution Language
The purchaser American strongly objects to Paragraph 20 of the proposed sale order language in the objecting parties response, which attempts to impose mandatory contribution obligations on the Purchaser for plugging, abandonment, remediation, and restoration costs.

The objecting parties requested language improperly converts a 363 asset acquisition into a de facto assumption of unliquidated environmental and regulatory liabilities without Purchasers consent and outside Bankruptcy Code 365 and 503. Purchaser American expressly declines to assume any plugging, abandonment, remediation, reclamation, or environmental obligations associated with existing wells or historical operations.

Further, obligations imposed by state and federal regulators upon prior owners, operators, lessees, or parties in interest remain solely with those parties and are not transferred to Purchaser by virtue of the sale transaction.

12) Preserve free and clear protection

l) Purchaser American is not a successor to the Debtor;
m) Purchaser American is not a continuation of the Debtor's business;
n) Purchaser American has not assumed excluded liabilities;
o) All excluded liabilities remain with the estate;
p) Claims arising from preclosing operations attach only to sale proceeds, not the conveyed assets.

The Purchaser American shall not be deemed a successor, alter ego, continuation, or transferee of the Debtor or any predecessor operator with respect to any excluded liabilities, plugging obligations, decommissioning obligations, or regulatory violations arising from periods prior to closing.

The Existing wellbores and associated operational infrastructure are expressly excluded from the assets conveyed and shall remain the sole responsibility of the estate or other legally responsible parties. Purchaser American acquires no ownership or operational interest in such wellbores that are already committed to such obligations to plug and remediate.

13) Contribution and Cost Recovery
Any interests associated with the Plugging Obligated wellbores shall remain responsible, to the extent permitted by applicable law, for contribution, reimbursement, and cost recovery related to plugging, abandonment, remediation, reclamation, and restoration, and restoration activities performed by governmental agencies or other obligated parties.

Parties may not seek contribution from the purchaser American. The severance of the mineral estate is not obtaining wellbores associated with the Plugging Obligations wellbores of the mentioned parties and in no way shall hold the purchaser responsible.

14) No Free and Clear Relief as to Regulatory Obligations

The requested transfer should not be approved "free and clear" of environmental or regulatory obligations arising under applicable non bankruptcy law. Obligations relating to public health, safety, environmental protection, plugging, and reclamation run with the land and the operation of the wells that arise and are not extinguished under Section 363 of the Bankruptcy Code.

15) Development Rights Reservation

The purchaser American is preserving exclusive rights to:
q) Drill offset well;
r) Use surface and subsurface easements;
s) Pool and unitize acreage;
t) Develop nonproducing formations free and clear of any encumbrances of any kind;

Nothing herein grants any third party rights to interfere with purchaser American exclusive future exploration and development rights or rights to farmout or rights associated with the conveyed mineral estate.

16) Reservation of Rights

All rights, claims defenses, remedies, and causes of action relating to the Plugging Obligated Wellbores, including rights for contribution, indemnity, reimbursement, access, and enforcement of regulatory obligations, are expressly reserved, as long as the purchaser is excluded from any reservation of rights disputes, if any exclusion applies, moving forward without such action could permanently lock parties into that status.

Wherefore, the objection filed by the objecting party confirms why this distinction matters: the regulatory agencies are already pursuing prior lessees and operations for plugging and remediation obligations because the Debtor failed to perform them. The undersigned requests that any order approving a sale, assignment, or transfer expressly provide that Plugging Obligated Wellbores and associated liabilities are severed from the State and Federal leases as a convertible ORRI and Fee Mineral

Estates to avoid the purchaser American becoming the next target, unless properly assumed in compliance with applicable law and regulatory requirements, and that all regulatory and environmental obligations remain enforceable against all responsible parties.

CONCLUSION

For the reasons stated above, the State agency and party is limited with boundaries through statutes and its own rules it must follow that is evidently overruled by the proposed language above, that would evidently fall outside the adjudicatory approval requirements under New Mexico law, and the Purchaser American insists that its motions be granted as further requests that its Sales Motions be Approved.

Respectfully submitted,

Jonathan Samaniego
P.O. Box 114 Hagerman, NM 88232
(575)499-7330
Energy.jrs@gmail.com
Representative of American Energy Resources LLC

CERTIFICATE OF SERVICE I hereby certify that a true and correct copy of the foregoing was filed with the United States Bankruptcy Court Western District of Texas Midland Division and was served on counsel of record via electronic mail on June 15, 2026:

/s/ Charlie Shelton
Charlie Shelton
Texas Bar No: 24079317
Bach W. Norwood
TX Bar No. 24134529
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/fax)
cshelton@haywardfirm.com
bnorwood@haywardfirm.com'
Counsel for Ron Satija, Chapter 7 Trustee

/s/ Abigail Rushing Ryan
Abigail Rushing Ryan
State TX Bar No. 24035956
Bankruptcy Counsel
National Association of Attorneys General
1850 M Street NW, 12th Floor
Washington, DC 20036
aryan@naag.org

/s/ Esther C. Jamison
Raúl Torrez
Attorney General
William G. Grantham
Esther C. Jamison
Assistant Attorneys General
Environment Protection Division
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
ejamison@nmdoj.gov
Attorneys for the State of New Mexico
and the Oil Conservation Division of
the New Mexico Energy, Minerals, and
Natural Resources Department

Justin R. Simmons
United States Attorney
By: /s/Steven B. Bass
Steven B. Bass
Assistant United States Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 916-5858/Fax (512) 916-5854
Florida State Bar No. 767300
Email Steven.Bass@usdoj.gov
Counsel for the United States of America

Holland & Hart LLP
/s/ Matthew J. Ochs
Matthew J. Ochs (admitted pro hac vice)
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

Holland & Hart LLP
/s/ Robert Sutphin, Jr.
Robert Sutphin, Jr. (pro hac vice pending)
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com
Attorneys for Chevron U.S.A. Inc. and
Chevron Midcontinent, L.P.; XTO Holdings,
LLC; ConocoPhillips Company, Concho Oil
& Gas LLC, COG Operating LLC,
Marathon Oil Co., and Marathon Oil
Permian LLC; OXY USA Inc., Anadarko
E&P Onshore LLC, Anadarko Petroleum
Corporation, Kerr-McGee Oil & Gas
Onshore, Limited Partnership, OXY USA
WTP Limited Partnership, Occidental
Permian Limited Partnership, OXY Y-1
Company; Coterra Energy and Magnum
Hunter Production Co.; and Legacy
Reserves Operating LP