UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF TEXAS

MIDLAND DIVISION

**FILED**

**JUN 2 2 2026**

U.S. BANKRUPTCY COURT
BY_____DEPUTY

IN RE:

ACACIA OPERATING COMPANY, LLC § Chapter 7

§

§ Case No. 24-70194

§

Debtor. §

§

§

## RESPONSE AND AMENDED AND OBJECTION TO THE LIMITED OBJECTION OF THE UNITED STATES TO CHAPTER 7 TRUSTEE'S MOTIONS TO APPROVE SALE OF CERTAIN OIL AND GAS LEASES AND RELATED PROPERTY

In response to the United States limited objection and the concerns raised, the purchaser clarifies and amends the proposed transaction as follows:

1) The transaction shall not transfer operating rights or any federally adjudicated interest requiring approval by the Bureau of Land Management ("BLM") under 43 CFR 3106.

2) Instead, the consideration and purchase structure shall be amended so that the purchaser acquires all NRI and 100% working interests and any other interests, if any, as a 100% Convertible Overriding Royalty Interest ("ORRI") in all State and Federal subject lands in production and associated proceeds derived from the subject lands, leases, and wells.

3) Development Rights Reservation
   The purchaser is preserving exclusive Convertible rights to:
   a) Drill offset well;
   b) Use surface and subsurface easements;
   c) Pool and unitize acreage;
   d) Develop nonproducing formations free and clear of any encumbrances of any kind;

Nothing herein grants any third party rights to interfere with purchasers exclusive future exploration and development rights associated with the conveyed mineral estate.

4) The parties expressly acknowledge that:

   a) An overriding royalty interest is a non-operating contractual interest carved from leasehold production;

   b) The ORRI conveyed herein does not transfer operating rights or lease operating status;

   c) The ORRI does not constitute a transfer requiring BLM adjudication or approval pursuant to 43 CFR 3106 because no transfer of operating rights is being effected;

   d) The ORRI similarly does not require approval under 43 CFR 3135 because the transaction does not involve a transfer of a federally administered operating interest.

   e) The ORRI does not require a transfer requiring SLO adjudication or approval pursuant to New Mexico law and are considered miscellaneous instruments and are simply filed for notice, because the NMSLO does not evaluate, review, or officially approve them.

5) The Purchaser further stipulates that all federal wells shall remain of record in the name of the federally recognized lessee and/or operator unless and until a separate assignment is submitted to BLM approval is later submitted by purchaser and approved in accordance with applicable federal regulations.

6) Nothing in the amended transaction shall:

   a) Relieve any federally recognized lessee, operator, or obligor from compliance with existing federal lease obligations;

   b) Alter any plugging, abandonment, reclamation, bonding, royalty, or decommissioning obligations recognized by applicable federal law; or

    c) Require the United States, BLM, or ONRR to consent to, adjudicate, or approve the ORRI conveyance.

7) The Purchaser's rights under the convertible ORRI are contractual and no operations rights are conveyed absent future approval by the appropriate federal agency.

8) ("See American Exhibit A") as its request for purchase of assets.

9) Accordingly, because the amended transaction is limited exclusively to a non-operating convertible ORRI, with an option, and does not transfer federally recognized operating rights, at this time, the proposed sale falls outside the adjudicatory approval requirements under:

**43 CFR 3106**
**(b)** An assignment of less than 640 acres outside Alaska or of less than 2,560 acres within Alaska shall be disapproved unless the assignment constitutes the entire lease or is demonstrated to further the development of oil and gas to the satisfaction of the authorized officer. Execution and submission of a request for approval of such an assignment shall certify that the assignment would further the development of oil and gas, subject to the provisions of § 3102.5–3 of this title. The rights of the transferee to a lease or an interest therein shall not be recognized by the Department until the transfer has been approved by the authorized officer. A transfer may be withdrawn in writing, signed by the transferor and the transferee, if the transfer has not been approved by the authorized officer. A request for approval of a transfer of a lease or interest in a lease shall be filed within 90 days from the date of its execution. The 90–day filing period shall begin on the date the transferor signs and dates the transfer. If the transfer is filed after the 90th day, the authorized officer may require verification that the transfer is still in force and effect. A transfer of production payments or overriding royalty or other similar payments, arrangements, or interests shall be filed in the proper BLM office but shall not require approval.

and

**43 CFR 3135.1-2**
**(a)**

**(1)** All instruments of transfer of lease or of an interest therein, including operating rights, subleases and assignments of record-title shall be filed in triplicate for approval. Such instruments shall be filed within 90 days from the date of final execution. The instruments of transfer shall include a statement, over the transferee's own signature, with respect to citizenship and qualifications as required of a bidder under § 3132.4 of this title and shall contain all of the terms and conditions agreed upon by the parties thereto. Carried working interests, overriding royalty interests or payments out of production or other interest may be created or transferred without approval.

CONCLUSION

For the reasons stated above, the federal agency is limited with boundaries through statutes and rules and lacks jurisdiction and must follow that it evidently is overruled by the proposed language above, that would evidently fall outside the adjudicatory approval requirements under 43 CFR 3106 and 43 CFR 3135, and the purchaser American insists that its motions be granted as further requests that its Sale Motions be Approved.

Respectfully submitted,

Jonathan Samaniego
P.O. Box 114 Hagerman, NM 88232
(575)499-7330
Energy.jrs@gmail.com
Representative of American Energy Resources LLC

CERTIFICATE OF SERVICE I hereby certify that a true and correct copy of the foregoing was filed with the United States Bankruptcy Court Western District of Texas Midland Division and was served on counsel of record via electronic mail on June 15, 2026:

/s/ Charlie Shelton
Charlie Shelton
Texas Bar No: 24079317
Bach W. Norwood
TX Bar No. 24134529
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/fax)
cshelton@haywardfirm.com
bnorwood@haywardfirm.com'
Counsel for Ron Satija, Chapter 7 Trustee

/s/ Abigail Rushing Ryan
Abigail Rushing Ryan
State TX Bar No. 24035956
Bankruptcy Counsel
National Association of Attorneys General
1850 M Street NW, 12th Floor
Washington, DC 20036
aryan@naag.org

/s/ Esther C. Jamison
Raúl Torrez
Attorney General
William G. Grantham
Esther C. Jamison
Assistant Attorneys General
Environment Protection Division
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
ejamison@nmdoj.gov
Attorneys for the State of New Mexico
and the Oil Conservation Division of
the New Mexico Energy, Minerals, and
Natural Resources Department

Justin R. Simmons
United States Attorney
By: /s/Steven B. Bass
Steven B. Bass
Assistant United States Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 916-5858/Fax (512) 916-5854
Florida State Bar No. 767300
Email Steven.Bass@usdoj.gov
Counsel for the United States of America

Holland & Hart LLP
/s/ Matthew J. Ochs
Matthew J. Ochs (admitted pro hac vice)
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

Holland & Hart LLP
/s/ Robert Sutphin, Jr.
Robert Sutphin, Jr. (pro hac vice pending)
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com
Attorneys for Chevron U.S.A. Inc. and
Chevron Midcontinent, L.P.; XTO Holdings,
LLC; ConocoPhillips Company, Concho Oil
& Gas LLC, COG Operating LLC,
Marathon Oil Co., and Marathon Oil
Permian LLC; OXY USA Inc., Anadarko
E&P Onshore LLC, Anadarko Petroleum
Corporation, Kerr-McGee Oil & Gas
Onshore, Limited Partnership, OXY USA
WTP Limited Partnership, Occidental
Permian Limited Partnership, OXY Y-1
Company; Coterra Energy and Magnum
Hunter Production Co.; and Legacy
Reserves Operating LP