

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 09, 2026.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **ACACIA OPERATING COMPANY, LLC** | **Case No. 24-70194-SMR** |
| **Debtor.** | |

**ORDER GRANTING AMENDED MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND THE STATE OF NEW MEXICO AND THE OIL CONSERVATION DIVISION OF THE NEW MEXICO ENERGY, MINERALS AND NATURAL RESOURCES DEPARTMENT**

CAME ON for consideration the *Amended Motion Pursuant to Bankruptcy Rule 9019 for Entry of Order Approving Settlement Between the Chapter 7 Trustee and the State of New Mexico and the Oil Conservation Division of the New Mexico Energy, Minerals and Natural Resources Department* (the "Motion") filed by Ron Satija, the Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "Trustee") and the State of New Mexico, by and through Attorney General Raúl Torrez, and the Oil Conservation Division ("OCD") of the New Mexico Energy, Minerals and Natural Resources Department (collectively, "New

Mexico" or "the State,"[1] and together with the Trustee, "the Parties") seeking approval pursuant to Federal Rule of Bankruptcy Procedure 9019 of the Settlement Agreement attached as **Exhibit A** to the Motion (the "New Mexico Settlement Agreement").[2]

The Court, after due deliberation and consideration of the Parties' pleadings, evidence, and arguments, as well as the pleadings, evidence, and arguments of any opposition, finds that the Motion should be granted as set forth herein.

Accordingly, the Court:

**FINDS** that the Trustee has delegated to New Mexico his authority to prosecute any Estate Claims that are not settled by the Trustee. In particular, the Trustee has delegated to New Mexico his authority to prosecute the Estate Claims that are encompassed by, articulated in, or set forth in the complaint filed by New Mexico in the First Judicial District Court for the County of Santa Fe, New Mexico, Case Number D-101-CV-2025-03283, however, the Trustee retains exclusive authority to settle or resolve the Estate Claims; the Court further

**FINDS** that the New Mexico Settlement Agreement satisfies the factors set forth in *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980), and is fair, equitable, and in the best interest of the estate.

**FINDS** that the proposed division of the recovery-namely, $650,000 to the bankruptcy estate for Acacia Resources, LLC and $350,000 to the State of New Mexico-is appropriate under the facts and circumstances of the case.

Accordingly, based on the foregoing recitations and findings, it is hereby:

**ORDERED** that the New Mexico Settlement Agreement is approved; it is further

---

[1] For the avoidance of doubt, the New Mexico State Land Office is not a party to this settlement agreement.
[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the New Mexico Settlement Agreement.

**ORDERED** that the proposed division of the recovery-namely, $650,000 to the bankruptcy estate for Acacia Resources, LLC and $350,000 to the State of New Mexico-is approved without prejudice to the Trustee seeking entry of a further order regarding allocation of settlement proceeds between the Acacia Operating Company, LLC and Acacia Resources, LLC bankruptcy estates for purposes of conducting an administrative expense claim process; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall be construed to release, bar, impair, or prejudice any claims, rights, or causes of action held by any person or entity other than the Trustee, the Acacia Operating Company, LLC and Acacia Resources, LLC bankruptcy estates, or the State of New Mexico including without limitation claims for contribution, indemnification, reimbursement, unjust enrichment, or any other cause of action; it is further

**ORDERED** that nothing in the New Mexico Settlement Agreement or this Order shall preclude any party in interest from asserting an administrative expense claim under Bankruptcy Code Section 503(b)(1)(A) for actual, necessary costs incurred in preserving estate property, including expenditures for plugging wells, remediating contamination, or restoring land associated with the Debtors' oil and gas operations, and the Trustee shall not seek dismissal of the Debtors' bankruptcy cases until any timely-filed administrative expense claims have been adjudicated or otherwise resolved by agreement of the parties; it is further

**ORDERED** that, prior to moving for dismissal of the Bankruptcy Cases, the Trustee shall provide not less than twenty-one (21) days' written notice to all known creditors and parties in interest, including any party that has filed a proof of claim or asserted an administrative expense claim, of the Trustee's intent to seek dismissal. The Trustee shall not move for dismissal until all timely-filed administrative expense claims under Bankruptcy Code

Section 503(b) have been resolved by agreement or adjudication by the Bankruptcy Court; it is further

**ORDERED** that, to the extent that any party in interest demonstrates, by motion or claim filed before dismissal, that it has incurred actual costs in plugging wells or performing remediation or restoration work that directly reduced or eliminated environmental liabilities of the Debtors' estates, the Trustee shall consider such costs in the distribution of Recovery funds consistent with applicable provisions of the Bankruptcy Code, including Bankruptcy Code Section 503(b)(1)(A), before moving for dismissal of the Bankruptcy Cases; it is further

**ORDERED** that the Court acknowledges Section 10 of the New Mexico Settlement Agreement is binding only upon the parties to those respective agreements. Nothing in those provisions or in these Orders shall be construed to prohibit any non-party from independently establishing, through admissible evidence in a separate proceeding, facts relating to the conduct of the New Era Defendants, Everett Willard Gray II, or any other party with respect to the Debtors' assets, wells, leases, or environmental obligations; it is further

**ORDERED** that the New Mexico Settlement Agreement is binding only upon the Parties to the New Mexico Settlement Agreement; it is further

**ORDERED** that this Court retains jurisdiction related to interpretation or enforcement of this Order.

### END OF ORDER ###

Order Prepared By:

**HAYWARD PLLC**

*/s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
Email: cshelton@haywardfirm.com

**Counsel for the Chapter 7 Trustee**


**Agreed as to Form By:**

*/s/ Jennifer Wertz [E-Signed with Permission]*
Jennifer Wertz
**JACKSON WALKER, LLP**
100 Congress Avenue, Suite 1100
Austin, TX 78701
(512) 236-2247 (Phone)
Jwertz@jw.com

**Counsel for Marquis Reed Gimore Jr.,
Gilmore Oil & Gas, LP, Bluebird Energy
Corporation, and Cibolo Energy
(the "Gilmore Parties")**

**-and-**

*/s/ Matthew J. Ochs [E-Signed with Permission]*
Matthew J. Ochs
**HOLLAND & HART LLP**
555 Seventeenth Street, Suite 3200
Denver, CO 80202
(303) 295-8299
mjochs@hollandhart.com

**Counsel for Chevron U.S.A. Inc. and
Chevron Midcontinent, L.P.; XTO Holdings, LLC;
ConocoPhillips Company, Concho Oil & Gas LLC,
COG Operating LLC, Marathon Oil Co., and
Marathon Oil Permian LLC; OXY USA Inc.,
Anadarko E&P Onshore LLC, Anadarko Petroleum
Corporation, Kerr-McGee Oil & Gas Onshore,**

***Limited Partnership, OXY USA WTP Limited***
***Partnership, Occidental Permian Limited***
***Partnership, OXY Y-1 Company; Coterra***
***Energy and Magnum Hunter Production Co.;***
***and Legacy Reserves Operating LP***

***-and-***

<u>*/s/ Abigail Rushing Ryan [E-Signed with Permission]*</u>
Abigail Rushing Ryan
National Association of Attorneys General
1850 M Street NW, 12th Floor
Washington, DC 20036
aryan@naag.org

***Counsel for The State of New Mexico and the***
***Oil Conservation Division of the New Mexico***
***Energy, Minerals and Natural Resources Department***